[No. 16462. Department Two. September 26, 1921.]

GEORGE C. LEMCKE COMPANY, *Respondent*, v. ANNA NORDBY, *Appellant*.[1]

BROKERS (3, 28)—CONTRACT FOR COMMISSIONS—TERMINATION OF EMPLOYMENT—CANCELLATION OF EARNEST MONEY CONTRACT. An agreement to pay a broker's commission on a sale of real estate if completed under the terms and conditions of an earnest money contract, would not be defeated by the cancellation of the latter contract, where its terms are made part of the commission contract by reference and the canceled · contract is still in existence and in evidence.

FRAUDS, STATUTE OF (20)—SALE OF REAL PROPERTY—CONTRACT FOR BROKER'S COMMISSIONS. Where a purchaser was put in possession of property with an understanding that he was to complete the contract, which was canceled by the death of a party, as soon as title could be perfected through the courts, the completion of an oral agreement in substantial compliance with the canceled written contract was sufficient under the statute of frauds.

HUSBAND AND WIFE (12)—DISABILITIES OF COVERTURE—CONTRACTS OF WIFE. Where a wife makes a contract to pay a broker's commission on the sale of community property, she is liable therefor, in view of Rem. Code, §§ 5926, 5927, abolishing the civil disabilities of the wife.

BROKERS (13)—COMPENSATION—PERFORMANCE OF CONTRACT OF EMPLOYMENT. A broker's commission on the sale of real property cannot be defeated on the ground of nonperformance of the contract exactly as made, where the change consisted in the purchaser paying a larger proportion of cash than originally agreed and making a corresponding diminution in the amount of security given for the balance of the purchase price.

Appeal from a judgment of the superior court for King county, Smith, J., entered November 13, 1920,

[1]Reported in 200 Pac. 1103.

upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Ryan & Desmond,* for appellant.

*Elias A. Wright* and *Sam A. Wright,* for respondent.

MITCHELL, J.—This is a suit by the George C. Lemcke Company, a corporation, to recover on a contract, signed and delivered to it by Anna Nordby, for a commission on the sale of real estate. From a verdict and judgment for the plaintiff, the defendant has appealed.

The real property belonged to the community consisting of appellant and her husband, P. F. Nordby. The respondent found a purchaser who, upon the payment of $500 earnest money, entered into a written contract for the purchase of the property. It was signed P. F. Nordby, owner, by John E. Ryan, and also by the purchaser, but was not signed by the appellant. Under the same date, the appellant executed and delivered to the respondent the contract on which the suit is brought. The abstract of title and a deed of conveyance, proposed some days later, were upon examination found to be satisfactory, but the night before they were to be passed and delivered and the remainder of the consideration paid by the purchaser, P. F. Nordby died. The delay in completing the deal caused by his death resulted in changing the full details of the purchaser's contract by a formal cancellation of it and in putting him in possession of the property, with the clear understanding, however, that as soon as proper steps were taken in the probate department of the superior court, the transfer would be made for the consideration originally fixed; and for that purpose the party who by way of loan to the

purchaser was to supply the larger part of the purchase price held the money until some weeks later, and after proper court proceedings had been taken to make the title good, he furnished it to the purchaser, who in turn paid it, together with the other considerations for the deed of conveyance.

By several assignments of error it is contended that the contract of the appellant to pay a commission was terminated by the cancellation of the earnest money contract, because by the terms of her contract she agreed to pay the commission if the purchaser completed the purchase "under the terms and conditions" of the earnest money contract. The argument is that the cancellation of the earnest money contract deprived the contract sued on of some of its essential terms. We think it does not have that effect. The contract sued on, since it refers to the other, is to be construed as if that other to that extent was incorporated in it, and the cancellation of the other, being between entirely different parties, in no way depreciates its value. The one that was cancelled is in existence and is in evidence in this case. Nor was it cancelled until the purchaser was put in possession of the property with the understanding that he was to complete the contract as soon as the title to the property could be perfected through the court; and there is abundant evidence, though disputed by the appellant, to have satisfied the jury, as it evidently was satisfied, that the contract was fully completed by the purchaser by a substantial compliance with the terms of the contract as written and thereafter orally agreed, prior to the commencement of this suit. The same reasons answer the argument of the appellant that the contract in suit, to the extent it refers to the cancelled contract, is defective under the statute of frauds.

Under another collection of assignments of error it is contended the appellant is not individually liable for the reason that the real estate was community property and that the respondent was dealing with the community and not with Mrs. Nordby. But she made the contract. All former laws which imposed civil disabilities upon a wife which were not recognized as existing against the husband have been abolished by statute (Rem. Code, § 5926) and her contracts and liabilities may be enforced (Rem. Code, § 5927).

Next it is contended there was no performance of the contract. The purchaser procured by the appellant concluded the purchase of the property upon terms entirely satisfactory to the seller, who made some changes by way of exacting a larger amount of cash than mentioned in the original written contract, and a consequent change in the amount of property and securities given for the remainder of the total purchase price.

Lastly, it is contended the court failed to instruct the jury on the meaning of "preponderance of the evidence" and "credibility of the witnesses." The appellant requested no such instructions, but the record before us shows that the court did give proper instructions on both of those matters.

Judgment affirmed.

PARKER, C. J., MAIN, BRIDGES, and TOLMAN, JJ., concur.