[No. 17033. Department Two. February 25, 1922.]

## C. W. ANTILL, *Appellant,* v. LELA J. LORAH, *Respondent.*[1]

BROKERS (16)—COMPENSATION—PROCURING CAUSE OF SALE—EVIDENCE—SUFFICIENCY. A broker employed to procure a purchaser for the lease and furniture of an apartment house at a listed price, the owner retaining the right to make a sale direct and pay no commission if the broker was not the procuring cause, is not entitled to a commission where the owner enters into an agreement for a sale at a reduced price on condition that the sum is to be net to her, and in ignorance of the broker's having brought the sale to the attention of the customer, and the sale is never consummated.

Appeal from a judgment of the superior court for King county, Hill, J., entered May 21, 1921, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Walter B. Allen,* for appellant.

*Wingate & Benz,* for respondent.

[1]Reported in 204 Pac 795.

HOVEY, J.—Appellant sued respondent for a broker's commission and was denied recovery.

The undisputed facts are that respondent listed her property with several brokers, including appellant, retaining the right to make a sale direct and pay no commission if the broker was not the procuring cause. The property consisted of furniture in an apartment house and a lease, and the listed price was $14,000. Respondent entered into a preliminary contract with a woman named Ashton for the sale of the property for $13,400, with the express understanding, as respondent claims, that there was no broker's commission to pay and that the parties were dealing directly with each other. When the time came to close the deal, appellant appeared and claimed his commission. The sale was not consummated and the money deposited was returned, with the exception of $25 retained by respondent by consent of the proposed purchaser to reimburse her for attorney's fees.

It is not disputed that the man who first talked to respondent first called himself Overfield, and that this man had inserted an advertisement for the purchase of a property similar to respondent's, and respondent claims that she answered this advertisement by letter. When Overfield visited respondent with the proposed purchaser, Mrs. Ashton, he represented himself as the husband of the latter and said that his name was Ashton. Appellant claims that the same man came to him in the first place, calling himself Lawrence, and that appellant first arranged for the sale, and both Overfield and Mrs. Ashton testified by deposition that appellant was the procuring cause of the proposed sale. On the trial, however, respondent produced a letter from Mrs. Ashton offering to refuse to testify for appellant if she would pay the sum of $25.

We think it cannot be disputed that appellant never produced a purchaser ready to pay the full price of $14,000, and we think the court was further justified from the testimony in concluding that, when respondent made the agreement for $13,400, she had no knowledge that appellant claimed to have had anything to do with the sale, and that she made it upon the express understanding and condition that she was to receive this sum net to her.

It is a well settled principle of law that, in order for the broker to recover, one of two things must occur; either he must produce a purchaser able and willing to buy at the price for which the property is listed, or he must have been the procuring cause of a sale which is consummated, even though the parties may decide to vary the terms. 9 C. J. 587, 603. We think the trial court rightly concluded in this case that appellant had done neither.

The judgment is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.