[No. 17576.   Department One.   April 5, 1923.]

# CARL JOHNSON, *Respondent*, v. THOS. S. DAHLQUIST et al., *Appellants*.[1]

BROKERS (28, 33)—COMPENSATION—CONTRACT—RATE OR AMOUNT—EVIDENCE—SUFFICIENCY. In an action for a broker's commission for all over a certain price, whether the owner received more than the price is a question for the jury, where there was evidence that he told plaintiff and others that he had received in exchange land valued at more than such price.

SAME (19)—COMPENSATION—PERFORMANCE—SALE BY OWNER. The right to a commission of a broker who had simply agreed to procure a purchaser, is not defeated by the fact that the owner entered into a different contract with the prospective purchaser procured by the broker.

CONTINUANCE (13, 25)—GROUNDS—ABSENCE OF WITNESS—CONDITIONS ON GRANTING—DISCRETION. It is an abuse of discretion to deny a continuance, except upon condition of paying all costs, including $93, as the per diem of 31 jurors, where it appears that a material witness, subpoenaed from another county, who had promised to attend, was detained by important business, but was willing to appear at a later date, and the adverse party denied that he would testify as alleged.

Appeal from a judgment of the superior court for Whatcom county, Brown, J., entered June 9, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for a broker's commissions. Reversed.

*R. W. Greene*, for appellants.

*Walter B. Whitcomb*, for respondent.

HOLCOMB, J.—Respondent had an exclusive contract of sale of certain real estate belonging to appellants in Whatcom county, which contract was dated August 20, 1921, and expired thirty days after date, by virtue of which respondent was to receive as commission all that the land was sold for in excess of $18,800.

[1] Reported in 214 Pac. 157.

In his suit, by his amended complaint, respondent alleged that he was entitled to a commission of $1,700, on the ground that he had procured one Corkery as a purchaser of the land for $20,500, and alleged that an agreement was made for Corkery to assume the mortgage for $7,500 against the land, and that such assumption of the mortgage was agreed by appellants to be taken in lieu of a cash payment of $7,500.

The trial court overruled a demurrer to the complaint, denied motions for nonsuit, directed verdict, and judgment n.o.v., or for a new trial.

On the eve of the trial, appellants moved for a continuance, supporting their motion by affidavit to the effect that one Clark, a material witness, had promised and intended to be present and testify personally at the trial of the case, but had been detained by important business involving a large sum of money and could not appear at the time the trial was then set, but could appear and testify at a later date. The substance of his testimony was set forth in the affidavit to the effect that there had been an abandonment of the contract entered into between respondent and appellants, and as to the value of certain real estate exchanged by the alleged purchaser and appellants for appellants' land, and the valuation put upon the respective properties. Respondent denied that the witness would so testify and refused to admit that his testimony would be as set forth in the affidavit, and opposed the continuance. The trial court ordered a continuance on terms of the cost of the witnesses for respondent, and the sum of $93 to pay the per diem costs of thirty-one jurors for one day, then in attendance upon the court. Appellants declined to pay all of these costs, to wit: the $93 for jurors, whereupon the continuance was denied. Upon submission to the jury, they returned a verdict for the sum claimed.

The first two errors claimed by appellants are that the court erred in overruling their demurrer to the amended complaint, and in overruling appellants' objection to the introduction of any testimony in support of respondent's first cause of action, which claims of error are not argued. We shall, therefore, not discuss them.

It is next contended that the court erred in denying the motion for nonsuit, and refusing to direct a verdict for appellants at the close of all of the testimony, and in refusing to grant appellants' motion for judgment n.o.v.

Much space is devoted to the contention that there was no question for the jury. The contract constituted respondent exclusive agent for the period of thirty days from August 20, 1921, to procure a purchaser. It further provided that in case, during that period, a purchaser should be procured by or through the efforts of respondent, if a consideration greater than the consideration expressed in the contract, that is, $18,800, which is to accrue to appellants, is received, such excess shall be paid at once to respondent or his order as compensation for his services as such agent.

It will be noted that the agreement did not require respondent to sell the land within thirty days, but simply required him to procure a purchaser. The consummation of the sale might have been after the expiration of thirty days, but if respondent procured a purchaser, and appellants dealt with him and disposed of the property involved in the contract to that purchaser, then it would appear that respondent had performed his contract. Under this contention appellants also contend that respondent abandoned the contract, and this was one of the material things to which the absent witness was supposed to testify. The court

instructed the jury to the effect that, if respondent told appellants and the prospective purchaser introduced to appellants by respondent that they could deal between themselves without further considering respondent, and that he counted himself out of the deal, then the jury should find for appellants. Appellants testified that respondent so told them. Respondent denied that he so told them, and explained what he did tell them. The explanation of respondent was that he abandoned the deal for the personal property on the land involved, but that he never abandoned the contract for the sale of the land. The jury found against the appellants on this contradictory evidence.

It is further contended that the lands were exchanged, but the valuation put upon them by the respective parties was below the price fixed by the contract, $18,800, instead of in excess of it. There was evidence competent to go to the jury that appellant, the husband, told respondent and two other persons that he had exchanged his land on the basis of $23,500 and that a mortgage of $2,500 had been assumed on the property he received in the exchange, which reduced the valuation of his land to a net basis of $20,500, which would be exactly $1,700 in excess of $18,800, and which was the amount sued for, and the amount awarded by the verdict.

It is also contended that the contract called for a cash payment of one-fourth of the purchase price, which was not procured, and no purchaser ready, able and willing to make such cash payment of one-fourth of the purchase price was procured. The evidence shows that Dahlquist conveyed the land to Corkery "subject to a mortgage for $7,500." Respondent and his witnesses testified that Dahlquist told them that Corkery assumed the mortgage for $7,500. Dahlquist

denies this. The deed, of course, does not compel the assumption of the mortgage, but is only made subject to the mortgage.

The cash payment is immaterial. The contract entered into for the sale of the property or the exchange thereof with the purchaser procured by respondent was not the broker's contract. It was a contract of the owners, with the terms of which the agent had nothing to do. It may or may not have been the best and only contract the purchaser could enter into. The evidence shows that appellants made their contract of sale with the purchaser procured by respondent, subject to the contract of agency appellants had entered into with respondent, but that they explicitly declined to consummate the contract of sale until the agency contract of the respondent had expired. This makes a case like that of *Keith v. Peart,* 115 Wash. 552, 197 Pac. 928, where we said that,

"To allow the vendors now to plead the contract as a defense to the right of the brokers to recover would be to allow one to plead his own independent conduct as a defense to the lawful claims of another. The owners could not make a contract with the brokers' customer so as to defeat their claim for commissions until after the brokers themselves had concluded their negotiations with him."

The fact that the contract of exchange of properties made by appellants and Corkery, the purchaser procured by respondent, differed from the contract authorized by appellants to be made by respondent, does not prevent respondent from recovering. *Keith v. Peart, supra; Grinnell Co. v. Stanton,* 115 Wash. 230, 197 Pac. 28; *King v. Second Avenue Investment Co.,* 117 Wash. 41, 200 Pac. 517; *Lemcke Co. v. Nordby,* 117 Wash. 221, 200 Pac. 1103; *Antill v. Lorah,* 118 Wash. 680, 204 Pac. 795, and 9 C. J. 587, 600 and 603.

Under the evidence competent to go to the jury, if the jury believed the same, as they did, respondent was the efficient and procuring cause of the sale.

The contract was in writing as required by the statute, and any departure therefrom as shown by the evidence and by the foregoing discussion was the departure of appellants which could not bind respondent.

The instructions complained of, numbers 7, 8, 9, 10, 11, 12, 13, 14 and 15, submitted the case to the jury upon the theory of the cases cited in the foregoing discussion. We see no error in any of them. The court was therefore right in denying the motions for nonsuit, for a directed verdict, and for judgment n.o.v.

We are of the opinion, however, that the court abused its discretion in denying the continuance on the ground of the absence of the witness Clark. It is true that the witness Clark resided out of the county where the trial occurred and could not have been compelled to attend. He was subpoenaed and did promise to attend, and appellants relied thereon. It is well known that the personal appearance of a witness before a jury in giving his testimony is much more satisfactory than the testimony of a witness upon important matters by deposition. Respondent denied that the witness would testify as sworn to by appellants and opposed the continuance. It appears that appellants had used due diligence to procure the actual attendance of Clark as a witness, and that he was a material witness and much more disinterested than appellants. His evidence might, therefore, have been a decisive turning factor in the trial. The court was without power to compel a party to an action to pay the jury compensation to the jurors in attendance, and it was an abuse of discretion to attempt to do so.

For this reason, the case must be reversed and remanded for a new trial.

It is so ordered.

MAIN, C. J., MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.