[No. 18312. Department Two. May 19, 1924.]

CARL JOHNSON, *Appellant*, v. THOMAS S. DAHLQUIST
et al., *Respondents.*[1]

ASSIGNMENTS (20)—OPERATION AND EFFECT — INTEREST TRANS-
FERRED—EXECUTION LEVY. The assignor of a judgment which has
since been reversed, assuming that the assignment carried the debt
or claim on which the judgment was based, would in any event
have no further interest therein and could not complain of a levy
and execution sale thereunder at the instance of the assignee.

SAME (20). An assignment of a judgment to plaintiff's attorney,
with instructions to take his fee from the amount collected and pay
certain creditors, was not total or complete, since there might be
an excess due the assignor, who therefore cannot object to an execu-
tion levy and sale of whatever interest he might retain or have.

EXECUTION (10)—PROPERTY SUBJECT—UNLIQUIDATED CLAIM. Un-
der Rem. Comp. Stat., § 518, providing that all property of the judg-
ment debtor not exempt by law shall be subject to execution, a
"debt" is property and levy may be made upon an unliquidated in-
debtedness due the judgment debtor.

SAME (29)—LEVY—MODE OF MAKING—NOTICE OF LEVY. An execu-
tion levy upon an indebtedness due the debtor is not prevented by
the statute requiring the officer to take manual possession of per-
sonal property wherever it is possible to do so; all that is required
in such case being to take constructive possession by giving notice
to the owner that it is levied upon and will be sold.

SAME (4)—PROPERTY SUBJECT—DEBT OWING TO JUDGMENT DEBTOR.
Under Rem. Comp. Stat., § 518, providing that all "property" of the
debtor not exempt by law shall be subject to execution, the judgment
creditor may levy upon an indebtedness due from himself to the
judgment debtor.

Appeal from a judgment of the superior court for
Whatcom county, Brown, J., entered July 7, 1923,
denying a motion to quash a levy on execution. Af-
firmed.

*Walter B. Whitcomb,* for appellant.

*R. W. Greene,* for respondents.

[1]Reported in 225 Pac. 817.

BRIDGES, J.—The legality of the levy of an execution is the question involved in this appeal.

In the first place, the plaintiff sued the defendants to recover an alleged indebtedness and secured judgment for $1,700. Upon appeal to this court, the judgment was vacated and the cause returned for a new trial. Costs here were awarded defendant. *Johnson v. Dahlquist,* 124 Wash. 267, 214 Pac. 157.

While the judgment was in existence, the plaintiff assigned it to his attorney, with instructions that the latter should take out of any amount collected his attorney's fee, and should then pay various amounts to various creditors of the plaintiff. Upon the going down of the remittitur, the defendants, in an effort to collect their judgment against the plaintiff, undertook to levy on the undetermined and unliquidated claim of indebtedness from themselves to plaintiff. The latter moved to quash the levy, first, because the thing levied on had been assigned; second, because it was unliquidated and intangible; and third, because it was an indebtedness due from those making the levy. The trial court denied the motion to quash, and this appeal results.

We do not think the levy was void because of the alleged assignment. That was of a judgment which was subsequently set aside by this court. But it is contended that the assignment of the judgment carried with it the debt or claim upon which it was based, leaving the plaintiff without any interest therein. 23 Cyc. 1419, cited in support of this contention, says that:

"On a valid assignment of a judgment the assignee succeeds to all the rights, interest and authority of his assignor, including the debt or claim on which the judgment was based. . . ."

If we assume that the assignment of a judgment has the effect of also assigning the claim upon which it

rests, notwithstanding the judgment has later been reversed and vacated, and we further assume that the assignment was complete and left nothing in the respondent, he would have no standing in court to complain of the execution, because he would not in any wise be interested in the property upon which the levy was made. The only person who, under those circumstances, would be interested would be the owner of the claim upon which the levy was made.

But we cannot look upon the assignment as being total and complete. The assignor may not have been totally divested of all interest. There might come into the assignee's hands sums largely in excess of the amount which he was directed to pay to himself and other creditors of the appellant, and which excess would, of course, belong to the assignor; so that it is possible that the assignor still had an interest in the thing assigned. A levy and sale thereunder could, of course, only affect such interest in the claim or indebtedness as the appellant had at the time of the levy. Looking at the matter in this way, we do not find it necessary to decide whether the assignment was valid as against the levy.

Nor are we of the opinion that the property levied on was such that it was not subject to execution. Section 518, Rem. Comp. Stat. [P. C. § 7835], provides that: "All property, real and personal, of the judgment debtor, not exempt by law, shall be liable to execution." This statute is all inclusive. That a claim of indebtedness is property, there can be no doubt. It is said, however, that some property is not subject to execution because the executing officer cannot, by reason of its nature, take it into his manual possession, and that such is the character of this property. The statutes contemplate that, when it is possible to so do,

the levying officer must take actual possession of the property levied upon, but it does not follow that a levy is insufficient or cannot be made because of the inability of the executing officer to actually take possession of the thing levied on. All that is necessary under such circumstances is that he take it under his dominion—into his constructive possession—by giving notice to the owner of the property that it is levied upon and will be sold.

Under the common law, certificates of stock, promissory notes, bonds, and choses in action were not subject to execution, but in most of the states, as here, the common law in this respect has been abrogated by statute. It is competent for a state legislature to make it lawful to levy on and sell any and all kinds of property; consequently it has been held that notes and other written evidence of indebtedness and choses in action, shares of stock, franchises, licenses to sell intoxicating liquor, and other like properties may be levied on and sold under execution, under statutes similar to ours. 23 C. J. 325 *et seq.;* 17 R. C. L. 127 *et seq.; Degginger v. Seattle Brewing Co.,* 41 Wash. 385, 83 Pac. 898, 4 L. R. A. (N. S.) 626; *Acme Harvesting Mach. Co. v. Hinkley,* 23 S. D. 509, 122 N. W. 482. In the case of *Gordon v. Hillman,* 107 Wash. 490, 182 Pac. 574, we said:

"It is contended that Hillman's interest in the note and mortgage, being an equitable one only, is not subject to sale on execution; and many authorities are cited to show that such was the rule at common law. Our statute has, however, removed this question from the realm of common law."

See, also, *Digney v. Blanchard,* 229 Mass. 235, 118 N. E. 250. There is no claim here that the executing officer did not take such possession of and control over

the property levied on as its nature was capable of.

But it is contended that the respondents should not be permitted to levy upon that which they themselves owe to the judgment debtor. But why not? It is property. It is capable of being transferred. It is capable of being converted into a judgment which is subject to execution. It is an asset of the judgment debtor, and why should not his assets, whatever their nature, be taken to satisfy a judgment? We cannot see any logical reason why such property should not be levied on.

For the reasons given, the order of the court refusing to set aside the levy is affirmed.

MAIN, C. J., FULLERTON, and MITCHELL, JJ., concur.