[No. 27859. Department Two. April 16, 1940.]

SAMUEL B. BASSETT, *Appellant,* v. ROY C. MCCARTY *et al., Respondents.*[1]

[1]Reported in 101 P. (2d) 575.

*John J. Kennett,* for appellant.

*Ralph B. Potts* and *H. Orley Solomon,* for respondents.

STEINERT, J.—This is an appeal by plaintiff from an order quashing a writ of garnishment.

The facts are as follows: Appellant commenced an action in the superior court against respondents McCarty, husband and wife, to recover the sum of one thousand dollars loaned to respondent husband. Thereafter, on May 29, 1939, appellant caused a writ of garnishment to be issued, directed to respondents Hughes as garnishee defendants, who, for convenience, will be referred to, at times, as garnishees.

Prior to the time of service of the writ, respondent Roy McCarty had brought an action for slander against respondent M. G. Hughes, individually and as receiver of Lake Washington Motor Company, and on May 26, 1939, had obtained therein a verdict in the sum of five hundred dollars.

On June 22, 1939, the garnishees served an answer to the writ of garnishment, alleging that, at the time of the service of the writ upon them, and at all times subsequent thereto, none of the garnishees was indebted to, or had possession or control of any effects belonging to, respondents McCarty or either of them. In a subsequent paragraph of that answer, the garnishees set forth the verdict referred to above, but alleged that no judgment had been entered in that action and that a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, was then

pending. This answer, however, was not *filed* until August 4, 1939.

In the meantime, on June 27, 1939, the pending motion in the slander action was denied, and judgment on the verdict was entered.

On July 31, 1939, respondents McCarty served and filed, in the present action, a motion to dismiss and dissolve the writ of garnishment. After a hearing, the court, on August 8, 1939, signed an order granting that motion

" . . . upon the sole ground that at the time said writ was served and at the time the garnishee defendants [Hughes] made answer thereto, the defendants above named [McCarty] had a verdict against the garnishee defendants in the sum of Five Hundred Dollars ($500), arising out of an action for slander, but that no judgment had been entered thereon and for that reason there was no indebtedness owing by the garnishee defendants to the defendants that could be reached by a writ of garnishment."

On the same day, August 8, 1939, appellant filed an affidavit allegedly controverting the answer of the garnishees.

The order granting the motion to dissolve the garnishment was filed on August 10, 1939. From that order, this appeal was taken.

Briefly, then, the situation presented by the facts above outlined is this: At the time that the writ of garnishment herein was served, respondents McCarty (defendants below, in this action, and plaintiffs in the slander action) had obtained a verdict against the garnishees, but had not yet obtained a judgment therein; thereafter, an answer to the writ of garnishment was served *before,* but filed *after,* the entry of judgment on the verdict.

Appellant's ultimate object, upon this appeal, is to have it judicially declared that the writ of garnishment

in this case operated with binding and impounding effect on the verdict rendered in the slander case, to the full extent of respondents McCartys' interest therein. To substantiate his position, appellant makes three contentions: (1) That an answer to a writ of garnishment speaks as of the date of its filing rather than as of the date of its service; (2) that, under the garnishment statutes of this state, a verdict creates an "indebtedness" or, at least, constitutes "personal property or effects belonging to the defendant;" and (3) that the trial court erred in dissolving the garnishment before the controverted issue of fact between appellant and the garnishees had been tried on its merits.

Analysis of the questions presented requires a review of the appropriate garnishment statutes.

Rem. Rev. Stat., § 680 [P. C. § 7999], provides for the issuance of writs of garnishment

". . . where the plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid, and that the garnishment applied for is not sued out to injure either the defendant or the garnishee; . . ."

Rem. Rev. Stat., § 682 [P. C. § 8001], specifies what the affidavit must state.

Rem. Rev. Stat., § 683 [P. C. § 8002], provides that the writ shall command the garnishee to appear before the court and

". . . answer on oath what, if anything, he is indebted to the defendant, and was when such writ was served, and what personal property or effects, if any, of the defendant he has in his possession or under his control, or had when such writ was served."

Rem. Rev. Stat., § 685 [P. C. § 8004], prescribing the form of writ, uses substantially the same language.

Rem. Rev. Stat., § 688 [P. C. § 8007], declares that it shall not be lawful for the garnishee to pay to the

defendant any debt, or to deliver to him any effects, after the service of the writ.

Rem. Rev. Stat., § 690 [P. C. § 8009], requires that the answer of the garnishee shall be under oath, in writing, and signed by him; shall make true answers to the several matters inquired of in the writ of garnishment; shall be served upon the plaintiff or his attorney; and shall be filed with the clerk of the superior court.

Rem. Rev. Stat., § 691 [P. C. § 8010], provides that, should it appear from the answer of the garnishee that he is not indebted to the defendant, and was not so indebted when the writ of garnishment was served upon him, and that he has not in his possession or under his control any personal property or effects of the defendant, and had not when the writ was served, the court shall enter judgment discharging the garnishee.

Rem. Rev. Stat., § 693 [P. C. § 8012], provides that, if it appear from the answer of the garnishee, or otherwise, that the garnishee is indebted to the defendant, or was so indebted when the writ was served, judgment shall be entered in favor of the plaintiff and against the garnishee for the amount of such indebtedness. That section further provides that, in case the indebtedness is not yet due, the court shall enter an order requiring payment into court when the indebtedness becomes due.

In *Frieze v. Powell*, 79 Wash. 483, 140 Pac. 690, this court, after considering the various sections of the garnishment statute, pronounced its view concerning the impounding effect of a writ of garnishment. On page 495 of the opinion, appears this statement:

"A review of the sections of the code governing garnishments seems to us to justify the view that the writ serves only to hold moneys or goods of the defendant in the hands of the garnishee *at the date of the service of the writ,* or at any time thereafter *until the service*

*of the answer of the garnishee* and to hold such moneys or goods coming into his hands at any time before trial, but pursuant to any contract or agreement creating an obligation to pay the money or hold the goods, subsisting as an obligation at the time of service or answer or at any time between those dates." (Italics ours.)

Thus, the writ serves to hold (1) moneys or goods of the defendant *in the hands of the garnishee* (a) at the date of the service of the writ, or (b) at any time thereafter until the service of the answer of the garnishee; and (2) moneys or goods *coming into the garnishee's hands at any time before trial,* pursuant to any contract or agreement creating an obligation to pay such money or hold such goods, provided that such contract or agreement subsisted as an obligation at the time of service of the writ or of the answer, or at any time between those dates.

The practicability, justice, and wisdom of that rule, which we now reaffirm, are discussed at some length in the *Frieze* case, but, beyond what is there said, the reasons for adopting and maintaining the rule are, we think, so obvious that further explication should not be necessary.

In view, however, of appellant's analysis of that case, and the conclusions which he has drawn therefrom, we call attention to two matters appearing in that opinion. We do this merely for purposes of correction and clarification. On page 495 of the opinion, the court erroneously stated that the trial court had held "that the writ of garnishment served to attach only that portion of the salary of the principal defendant which accrued *prior to the filing* of the answer of the garnishee." (Italics ours.) Reference to that part of the opinion, on page 488, wherein the computation and findings of the trial court are set forth, reveals that the trial court did not consider the date of *filing* of the

answer, but rather the date of its *verification,* which latter date, obviously, precedes the date of *service* of the answer. Under the rule herein announced, we, of course, hold that the date of verification of the answer does not govern the limit of the ·garnishee's responsibility or liability.

The other matter in the *Frieze* case to which we wish to call attention, appears on pages 496 and 498 of the Washington Report, wherein the opinion states, in the one place, that the issue presented by the answer "can only speak as of the date of the answer," and, in the other place, that "the answer is required to speak as of its date." Taken literally, those expressions would leave the matter wholly indefinite, for the question would still remain as to what is the "date of the answer." That language, however, was preceded by the specific statement of the rule above expressed, and must be read and considered as meaning that the "date of the answer" is the date of its service.

Appellant also cites, and relies upon, *Lemagie v. Acme Stamp Works,* 98 Wash. 34, 167 Pac. 60, and *Miller v. Cascade Canning Co.,* 186 Wash. 118, 56 P. (2d) 1305. Neither of those cases decides, or touches, the point now under consideration.

Again, however, and merely for the purpose of clarification, we call attention to an inaccuracy. In the *Lemagie* case, the opinion correctly gives the date of the garnishee's amended answer as September 11, 1915, but later incorrectly mentions the same day as the one on which the amended answer was *filed.* Reference to the record in that case discloses that the amended answer was filed *January 21, 1916.* We note this discrepancy in order that the case may not be said to be authority, as appellant contends, for the proposition that the *filing* date is the effective date of a garnishee's answer.

Appellant further argues that, since Rem. Rev. Stat., § 690, requires that the answer be not only served, but also filed, and since the court cannot act upon the answer until it is filed, therefore the term "date of the answer" as used in the *Frieze* case, *supra,* means the date of *filing* the answer.

Filing is undoubtedly essential in order to make the answer a part of the record; but its effect goes no further than that. When the garnishee's answer is served upon the plaintiff, he, at that time, has actual notice of the extent to which it is admitted or denied that he is protected. If the plaintiff desires further protection, he may have a new writ served upon the garnishee in order to impound moneys or property coming into the garnishee's hands after the date of the service of the answer to the preceding writ. In other words, the stage is then set for such further action by the creditor plaintiff as will give him the full relief to which he is entitled under the statute. When the answer is served upon him, the plaintiff has, in fact, been answered.

Appellant's second contention is, as stated above, that, under the garnishment statute of this state, a verdict creates an "indebtedness" or, at least, constitutes "personal property or effects belonging to the defendant."

The great weight of authority, in this country, supports the rule that a verdict is not subject to garnishment. 4 Am. Jur. 488, § 211; 28 C. J. 137, 188, §§ 175, 230; 2 Bancroft's Code Practice & Remedies, 3327, § 2643; 93 A. L. R. 1088.

Appellant concedes that such is the majority rule, but contends that the statutes and decisions of this state dictate a result different from that reached in most jurisdictions.

It is true, as appellant asserts, that this court has held that a writ of garnishment may issue, under the

provisions of Rem. Rev. Stat., § 680, in an action brought to recover unliquidated damages. *State ex rel. Getzelman v. Superior Court,* 93 Wash. 98, 159 Pac. 1193; *State ex rel. American Piano Co. v. Superior Court,* 105 Wash. 676, 178 Pac. 827; *State ex rel. Boyer v. Superior Court,* 115 Wash. 359, 197 Pac. 321. The first of those cases was an action for breach of warranty of a deed, the second was one for conversion, and the third arose out of an action for alienation of affections. In the last case cited, this court went to the extent of holding that an attachment may issue in *any* action wherein the proper statutory affidavit had been made, and that no distinction was to be drawn, in attachment proceedings, between unliquidated damages for breach of contract and unliquidated damages for a tort.

Relying upon the holdings of those cases, appellant argues that, if an unliquidated tort claim "owned by plaintiff" constitutes an indebtedness within the meaning of the garnishment statute, then, certainly, an unliquidated tort claim "held by a defendant" against a garnishee defendant should likewise constitute an indebtedness. That conclusion does not necessarily, nor, in our opinion, properly, follow.

The question involved in the cases cited had reference to what constituted a legal basis for the *issuance* of a writ of garnishment; the question in the instant case has reference to what is *subject* to garnishment after a writ has been issued. The first question is answered by the specific provisions of Rem. Rev. Stat., § 680, as construed by the foregoing decisions of this court. The second question is not answered specifically by any section of the garnishment statute nor by any judicial construction thereof.

It can logically be said, we think, that, if the plaintiff makes the required "affidavit that such debt is due

and unpaid," there is no valid reason why he should be deprived of the remedy afforded by the attachment and garnishment statutes merely because his claim is not liquidated. Only the immediate parties to the main action are affected by the fact that the claim is unliquidated. No hardship is imposed upon any one else. To say, however, that unliquidated claims are the *subject* of garnishment would be, in our opinion, to impose a burdensome and unreasonable duty upon third parties who are in no way concerned with the outcome of the main action. A garnishee defendant, in such cases, would be under a duty to evaluate and disclose, under oath, every possible and conceivable claim that the principal defendant might have against him, no matter how technical or conjectural such claim might be. To hold that Rem. Rev. Stat., §§ 683, 685, which require the garnishee defendant to "answer on oath what, if anything, he is indebted to the [principal] defendant," are broad enough to include unliquidated damages, would be, in our opinion, to stretch the language of the statute to unreasonable proportions.

The fact that a verdict is here involved does not make the rule just discussed inapplicable. It is true that a verdict possesses a character which a mere unliquidated claim does not. The verdict is the answer given by the jury *to the court,* concerning the matters of fact submitted to it for determination. 27 R. C. L. 834, § 2. But the verdict, without a judgment, has no independent substance or finality. It does not furnish the basis for an appeal; it is not *res judicata* of the question involved; it does not support the issuance of a writ of execution. See *Magee v. Risley,* 82 Wash. 178, 143 Pac. 1088. Until vitalized by the judgment, it has no legal effect upon the rights of the litigants and creates no new claim, distinct from the original claim, by the one party against the other.

Our conclusion, therefore, is that a verdict, of itself, does not constitute an indebtedness within the meaning of the garnishment statute specifying what is subject to garnishment.

Appellant, however, contends that a verdict constitutes "property," and for that reason is subject to garnishment. Rem. Rev. Stat., § 683, on which appellant relies in this connection, refers to "personal property or effects, if any, of the defendant" which the garnishee *"has in his possession or under his control,* or had when such writ was served." (Italics ours.)

Conceding that a claim *against* a garnishee constitutes property of the claimant, it clearly is not *in the possession, or under the control, of the garnishee defendant.* As stated before, the question before us is not what constitutes a legal basis for the *issuance* of a writ of garnishment, but, specifically, what is *subject to garnishment.*

Appellant cites, and relies upon, *Johnson v. Dahlquist,* 130 Wash. 29, 225 Pac. 817, wherein this court held that an unliquidated claim of indebtedness was property, and accordingly was subject to execution under Rem. Rev. Stat., § 518 [P. C. § 7826-6]. The section of the statute which was there involved provides that *all* property, real and personal, of the judgment debtor, not exempted by law, shall be liable to *execution.* The writ in that case had, apparently, been levied by the proper officer "by giving notice to the owner of the property [the judgment debtor] that it is levied upon and will be sold." That is the method recognized by this court. *Swanson v. Olympic Peninsula M. Coach Co.,* 190 Wash. 35, 66 P. (2d) 842. The *Johnson* case, however, is not controlling of the garnishment situation where the writ issues before judgment, and service of the writ is not made on a judgment debtor who *owns* the unliquidated claim, but upon the party *owing* it.

We conclude, that neither ground advanced by appellant in support of his second contention is tenable, and that the verdict was not subject to garnishment.

█ Appellant's final contention is that the trial court erred in dissolving the writ of garnishment before the controverted issue of fact between appellant and garnishee defendants had been tried on its merits.

The contention is based on the fact that, on the day on which the order quashing the garnishment was signed by the trial court, appellant had filed an affidavit allegedly controverting the answer of the garnishee defendants. The only "controverting" allegations in the affidavit are:

(1) "That on June 27, 1939, long prior to the time said answer of the garnishee defendants was *filed,* a judgment was entered in favor of the defendants and against the garnishee defendants."

(2) "That the garnishee defendants did at the time said writ was served upon them, and have at all times since, had in their possession personal property and effects of the defendants, in that *said garnishee defendants owned and possessed a chose-in-action* against the defendants." (Italics ours.)

There is nothing in these allegations which, even if established, would necessitate reversal of the action of the trial court.

The first allegation is fully met and disposed of by what we have already stated herein in response to appellant's first contention. The second allegation, if expressed as appellant intended it, clearly would not, in any event, support a garnishment based on a claim held by appellant against respondents. If, however, appellant intended to refer to a chose-in-action owned *by* the principal defendants (respondents) as *against* the garnishee defendants, then, likewise, what we have

500

already stated with regard to appellant's second contention disposes of that situation.

The order is affirmed.

BLAKE, C. J., BEALS, GERAGHTY, and JEFFERS, JJ., concur.

