# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STANISLAW PIATEK, an unmarried individual, )

Appellant, )

WALENTYNA PIATEK and EUGENIUSZ ANTONI PIATEK, wife and husband, )

Plaintiffs, )

v. )

RENATA ANNA PIATEK, an unmarried individual, )

Respondent. )

No. 71065-6-I

2014 JUN 23 AM 9: 13

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

UNPUBLISHED OPINION

FILED: June 23, 2014

VERELLEN, J. — A judgment creditor's right to execute upon the judgment debtor's property generally extends to the debtor's claims against others. But if the debtor has a claim against the judgment creditor, typically a claim beyond the scope of the litigation that gave rise to the original judgment, then limitations apply. The trial court has supervisory authority over its own process and may exercise that power to prevent the judgment creditor from destroying the judgment debtor's cause of action by becoming the owner of the cause of action.

Stanislaw Piatek argues that the trial court abused its discretion in allowing his judgment creditor, Renata Piatek, to levy upon his pending litigation against Renata.[1]

---

[1] We use first names for clarity.

As clarified at oral argument before this court, he contends that the trial court must engage in a case-by-case analysis of the equities based on several factors, including the merits and value of the claim levied upon. But he presented scant argument and evidence to the trial court regarding these factors and, even applying his proposed standard, he fails to demonstrate that the trial court abused its discretion. We affirm.

## FACTS

Stanislaw and Renata have engaged in extensive litigation concerning and related to the dissolution of their marriage, including lawsuits in the United States, Poland, and Australia. In 2010, Renata obtained a judgment against Stanislaw for $183,670 in Pierce County Superior Court, a judgment Stanislaw did not appeal and has not paid. In 2012, Stanislaw initiated a lawsuit in King County Superior Court against Renata alleging violations of the Criminal Profiteering Act, chapter 9A.82 RCW.

Based upon her Pierce County judgment, Renata obtained a writ of execution to levy upon Stanislaw's profiteering claims. Stanislaw filed a motion to quash the writ of execution. The trial court denied the motion to quash, stating, "I don't see where the equities are convincing enough to allow for the [writ of execution] to be quashed."[2] At the ensuing sheriff's sale, Renata purchased Stanislaw's profiteering cause of action for $35,000,[3] then dismissed the claims.

---

[2] Report of Proceedings (RP) (Aug. 24, 2012) at 9.

[3] Renata bid this portion of the existing judgment.

DISCUSSION

Stanislaw appeals from the Pierce County Superior Court order denying his motion to quash the writ of execution. We review a trial court's denial of a motion to quash for an abuse of discretion.[4]

Generally, a judgment creditor can execute upon its judgment debtor's unliquidated cause of action. In Johnson v. Dahlquist, our Supreme Court held that "'all property, real and personal, of the judgment debtor, not exempt by law, shall be liable to execution,'" observing that "it is competent for a state Legislature to make it lawful to levy on and sell any and all kinds of property," including "choses in action."[5]

In Paglia v. Breskovich, Division Two of this court held that a judgment debtor "may invoke any equitable power of the superior court" to set aside a sheriff's sale of property which purports to sell the debtor's "unliquidated and undetermined independent cause of action" when the sale "completely destroys the judgment debtor's ability to prosecute the independent cause of action to judgment."[6] The court held that the superior court "does possess inherent supervisory power over its own process, exercisable when the demands of justice to all parties can be reasonably satisfied, to set aside a sheriff's bill of sale which effectively deprives the judgment debtor an opportunity to establish his claim."[7] The court described the superior court's discretionary power as follows:

---

[4] Paglia v. Breskovich, 11 Wn. App. 142, 522 P.2d 511 (1974).

[5] 130 Wash. 29, 31, 33, 225 P. 817 (1924) (holding that judgment creditor could execute on its own debt owed to judgment debtor) (quoting Rem. Rev. Stat. § 518).

[6] Paglia, 11 Wn. App. at 144.

[7] Id. at 144-45.

"While the courts have expressed themselves in various language, we are of opinion that the sum and essence of the law upon the question involved in this case is that there is a discretionary power vested in the trial judge, and where it is made to appear that the sale would outrage the right of a judgment debtor if allowed to stand, his discretion will not be controlled."[8]

The Paglia court concluded that if a trial court "can exercise its inherent powers to prevent the likely development of a grossly inequitable result . . . it ought to be able to exercise the same powers after the inequitable situation develops."[9]

In MP Medical Inc. v. Wegman, this court construed Paglia as an exception to the Johnson rule that all property is subject to execution and disagreed with Paglia's conclusion that Johnson was no longer controlling authority.[10] The Wegman court agreed with the analysis in Paglia that the trial court has "supervisory power over its own process" to "prevent the grossly inequitable situation where one party destroys the opposing party's cause of action by becoming the owner of the cause of action under review."[11] As recognized in Paglia and Wegman, a judgment creditor's right to execute on a judgment debtor's pending litigation is neither absolute nor unfettered. The trial court has supervisory authority to consider whether it would be grossly inequitable to allow the creditor to obtain control of pending litigation.

Stanislaw argues that the trial court abused its discretion in allowing Renata to execute upon Stanislaw's pending profiteering claims against her. At oral argument

---

[8] Id. at 147-48 (quoting Triplett v. Bergman, 82 Wash. 639, 642, 144 P. 899, 900 (1914)).

[9] Id. at 147.

[10] 151 Wn. App. 409, 416-17, 213 P.3d 931 (2009).

[11] Id. at 417 (In Wegman, the judgment was not superseded pending appeal, and the judgment creditor levied upon the specific cause of action that was under appellate review).

before this court, Stanislaw argued that a trial court must consider a variety of factors to determine whether it is equitable to allow a judgment creditor to execute on a pending lawsuit by a judgment debtor against the same judgment creditor. He specifically argued that the trial court was required to ascertain the merits of the lawsuit levied upon and to determine whether the plaintiff would be able to defeat a defendant's summary judgment motion. As argued to this court, the inequity was that Stanislaw's claim for "millions of dollars" was bought for $35,000.

Based upon oral argument, Stanislaw's appeal thus presents the narrow question of whether the trial court failed to give sufficient weight to the merits and value of Stanislaw's lawsuit against Renata and abused its discretion by allowing Stanislaw's profiteering claim to be purchased for $35,000.

Stanislaw argued to the trial court that the "most important[ ]" reason the levy was inequitable was that for "a $5 bid, Ms. Piatek will have an ability to [buy] a six-and-a-half-million-dollar claim against her."[12] But Stanislaw did not identify facts addressing the merits of his profiteering claim or any details supporting his valuation.

Renata, on the other hand, argued that the equities weighed in favor of allowing the levy. She contended that Stanislaw owed her over $2 million in unpaid judgments, that Stanislaw could either bid at the sale or pay the judgment in advance of the sale, that Stanislaw filed frivolous cases against her in Washington, Australia, and Poland, and that Stanislaw will receive real value from the sale because his debt would be satisfied in the amount bid at the sale.

---

[12] RP (Aug. 24, 2012) at 2-3.

In the absence of any detailed argument to the trial court by Stanislaw regarding the specific equitable factors he now claims the trial court failed to considered, Stanislaw's argument fails. Stanislaw did not provide the trial court information or argument necessary to analyze his factors, the merits of his profiteering claim, or the value of his likely recovery. Because this argument was not fully articulated below, Stanislaw does not establish that the trial court abused its discretion in failing to sufficiently consider it.[13]

Because Stanislaw's appeal is not frivolous, we deny Renata's request for attorney fees.

Affirmed.

WE CONCUR:

_____
Spearman, C.J.

_____
Verellen,

_____
Leach, J.

---

[13] See Enos v. Marsh, 769 F.2d 1363, 1371 (9th Cir. 1981) (declining to make "a determination based on inadequate information" is not an abuse of discretion); Gomez v. Gomez, 341 A.2d 423, 426 (D.C. App. 1975) (highlighting the "unsatisfactoriness" of giving a trial court inadequate information on the basis of which it is asked to exercise its discretion, then appealing, claiming that the trial court abused its discretion).
    We reserve for another day on more precise and extensive arguments the question of whether there are broader limitations upon a judgment debtor gaining control of both sides of litigation against a judgment creditor.