FILED
COURT OF APPEALS
DIVISION II

2015 MAY 19  AM 9: 07

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JAMES J. O'HAGAN, | No. 47078-1-II |
| Appellant, | |
| v. | |
| JOSEPH FIELD and FIELD JERGER, LLP, | UNPUBLISHED OPINION |
| Respondents. | |

WORSWICK, J. — The law firm Joseph Field and Field Jerger, LLP (Field) obtained

Oregon judgments for attorney fees against James O'Hagan. Field then issued a writ of

garnishment against Ocean Spray Cranberries Inc., an agricultural cooperative. O'Hagan,

appearing pro se, filed with the Supreme Court a writ of review challenging the superior court's

order to pay on Ocean Spray's answer to Field's writ of garnishment. The Supreme Court

transferred O'Hagan's challenge to us for consideration as an appeal. O'Hagan argues the

superior court erred by (1) refusing to transfer venue to Pacific County, (2) giving the Oregon

judgments full faith and credit, (3) entering the order to pay on the answer without a jury trial,

(4) failing to exempt 75 percent of Ocean Spray's payments from garnishment under RCW

6.27.150(1), and (5) not allowing O'Hagan "supplemental proceedings" under chapter 6.32 RCW.[1] We reject O'Hagan's arguments and affirm.[2]

## FACTS

Field represented O'Hagan as a creditor in an Oregon bankruptcy proceeding. For attorney fees incurred representing O'Hagan, Field obtained Oregon judgments against O'Hagan totaling $39,671.12. To collect on these judgments, Field issued a writ of garnishment against Ocean Spray Cranberries Inc., an agricultural cooperative. *Ocean Spray Cranberries, Inc. v. PepsiCo, Inc.*, 160 F.3d 58, 59 (1st Cir. 1998); *see* 7 U.S.C. 291.

Ocean Spray issued an answer to the writ of garnishment. The answer stated that it did not employ O'Hagan but that it owed O'Hagan money for his cranberry deliveries. The answer listed one future payment approved by Ocean Spray's board of directors and estimated four future payments that the board had yet to approve, for a total of $26,775.95. One of the estimated future payments included an expected payment for July 10, 2013 of $1,187.55. Field moved the Grays Harbor County Superior Court for an order to pay on Ocean Spray's answer. O'Hagan requested a controversion hearing to determine "whether an issue is presented that requires a trial." RCW 6.27.220.

---

[1] Field did not file a respondent's brief in this case.

[2] We note at the outset that the record in this case is not complete. The record contains the verbatim report of proceedings and a set of clerk's papers, but the clerk's papers do not contain many of the documents necessary to address O'Hagan's arguments. In the interest of justice, we consider O'Hagan's claims despite the insufficient record. RAP 1.2(c); *Wachovia SBA Lending, Inc. v. Kraft*, 165 Wn.2d 481, 487, 200 P.3d 683 (2009). Our consideration of O'Hagan's claims necessarily requires us to review documents which O'Hagan initially filed with our Supreme Court.

At the controversion hearing, O'Hagan demanded a jury trial. O'Hagan also challenged venue, arguing that because he resided in Pacific County, it was the only proper venue. O'Hagan also argued that 75 percent of the money garnished from Ocean Spray was exempt from garnishment as "earnings" under RCW 6.27.150(1). O'Hagan also alleged that Ocean Spray's answer underestimated the July 10, 2013 future payment, stating it was $1,187.55 when it should have been $10,687.95. O'Hagan alleged that this underestimation occurred because he produced 1,187.55 *barrels* of cranberries, which the answer incorrectly entered as $1,187.55.

O'Hagan argued in the superior court that Field fraudulently misreported the Oregon judgments' amount to a credit reporting agency. But O'Hagan did not assert that Field misreported the judgments' amount to the superior court.

O'Hagan made numerous other claims unrelated to the garnishment action. These were mostly allegations of criminal acts related to the bankruptcy proceedings. O'Hagan requested supplemental proceedings under RCW 6.32 to subpoena witnesses to address issues unrelated to the garnishment action before the superior court.

The superior court did not consider O'Hagan's collateral claims, but considered only those claims related to the writ of garnishment. The superior court entered an order to pay on garnishee's answer, which required Ocean Spray to pay Field the $26,775.95 Ocean Spray owed O'Hagan. The order also denied O'Hagan's request for a jury trial and the 75 percent exemption under RCW 6.27.150(1).[3]

---

[3] The order stated it denied O'Hagan's request for a "protection order." Clerk's Papers at 128. This apparently referenced the 75 percent exemption under RCW 6.27.150(1), which O'Hagan called "protection." VRP (July 22, 2013) at 28. But we cannot be sure because O'Hagan requested "protection" in other contexts.

No. 47078-1-II

O'Hagan filed a writ for review to our Supreme Court pursuant to RCW 7.16.040. In this writ for review, O'Hagan asserted his claim that Ocean Spray erroneously estimated the July 10, 2013 future payment as $1,187.55. O'Hagan also filed a motion to stay proceedings pending appeal pursuant to RCW 7.16.080. The Supreme Court denied the motion to stay and transferred this case to us.[4]

## ANALYSIS

### I. VENUE

O'Hagan argues the superior court erred by not transferring venue from Grays Harbor County to Pacific County because O'Hagan resided in Pacific County. We disagree.[5]

We review de novo a ruling on a motion to transfer venue whenever that motion was based upon the defendant's assertion the original venue was not statutorily authorized. *Moore v. Flateau*, 154 Wn. App. 210, 214, 225 P.3d 361 (2010). Because O'Hagan argues that no statute authorized venue in Grays Harbor County, our review is de novo.

RCW 4.12.030(1) authorizes the court to change venue on motion if "it appears by affidavit, or other satisfactory proof" the county which the complaint designates is an improper venue. RCW 4.12.025(1) states in part:

> An action may be brought in any county in which the defendant resides, or, *if there be more than one defendant, where some one of the defendants resides* at the time

---

[4] O'Hagan refers to his opening brief as a supplemental opening brief and asks us to consider an earlier opening brief. We do not consider O'Hagan's earlier opening brief because the Supreme Court rejected it prior to transferring this case to us.

[5] O'Hagan refers to this as a "jurisdiction" argument but his challenge is actually to venue. *See Eubanks v. Brown*, 170 Wn. App. 768, 772, 285 P.3d 901 (2012), *aff'd*, 180 Wn.2d 590, 327 P.3d 635 (2014).

4

of the commencement of the action. [T]he residence of a corporation defendant shall be deemed to be in any county where the corporation: (a) Transacts business.

(Emphasis added.) Before a court may transfer venue, the party moving to change venue must show by affidavit or other satisfactory proof that the county designated in the complaint was improper. RCW 4.12.030(1). As garnishee, Ocean Spray was a defendant in this case. *See Watkins v. Peterson Enters., Inc.*, 137 Wn.2d 632, 638, 973 P.2d 1037 (1999). Because RCW 4.12.025(1) requires only one defendant to be a resident of the county, O'Hagan had to show by affidavit or other satisfactory proof that Ocean Spray was not a resident of Grays Harbor County in order to show Grays Harbor County was an improper venue.

Here, O'Hagan failed to show, or even argue, that Ocean Spray was not a Grays Harbor County resident. Thus, O'Hagan failed to provide satisfactory proof the county designated in the complaint was improper, and the superior court did not err by not transferring venue.

## II. FULL FAITH AND CREDIT TO THE OREGON JUDGMENTS

O'Hagan argues the superior court erred by giving full faith and credit to the Oregon judgments. We disagree.

We review constitutional issues de novo. *Citizens Protecting Res. v. Yakima County*, 152 Wn. App. 914, 919, 219 P.3d 730 (2009). The United States Constitution requires the states to give full faith and credit to every other state's judicial proceedings. U.S. CONST. art. IV, § 1. This rule "'provides a means for ending litigation by putting to rest matters previously decided between adverse parties in any state or territory of the United States.'" *State v. Berry*, 141 Wn.2d 121, 127, 5 P.3d 658 (2000) (quoting *In re Estate of Tolson*, 89 Wn. App. 21, 29, 947 P.2d 1242 (1997)).

5

A foreign judgment may be collaterally attacked only on grounds that the foreign court lacked jurisdiction, the foreign court violated a constitutional right, or the judgment was obtained by fraud. *Berry*, 141 Wn.2d at 127-28; *Effert v. Kalup,* 45 Wn. App. 12, 15, 723 P.2d 541 (1986). Absent these grounds, we must give full faith and credit to the foreign judgment. *Berry*, 141 Wn.2d at 128; *Lee v. Ferryman*, 88 Wn. App. 613, 620, 945 P.2d 1159 (1997). "The full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based." *Milliken v. Meyer*, 311 U.S. 457, 462, 61 S. Ct. 339, 85 L. Ed. 278 (1940).

Here, while O'Hagan raised jurisdictional, constitutional, and fraud claims below, none of those claims challenged the underlying Oregon judgments' validity. O'Hagan asserted that "proper procedures were not followed" and that the Oregon judgments were obtained by an "unfair and bias[ed] process," but provided no explanation of these allegations below or on appeal. Clerk's Papers at 5, 42. O'Hagan argued below that Field fraudulently misreported the Oregon judgments' amount to a credit reporting agency. But O'Hagan did not assert that Field misreported the Oregon judgments' amount to the superior court. Thus, because O'Hagan made no jurisdictional, constitutional, or fraud challenge to the underlying Oregon judgments, the superior court did not err by giving the Oregon judgments full faith and credit.

III. CONTROVERSION

O'Hagan argues the superior court erred by ordering payment on the answer to the writ of garnishment without a jury trial. Because no trial was required, we disagree.

6

Whether the controversion hearing sufficiently established Ocean Spray's indebtedness to O'Hagan to allow the entry of an order to pay on the answer without a trial is a mixed question of law and fact. We review mixed questions of law and fact de novo. *In re Estate of Cordero*, 127 Wn. App. 783, 787, 113 P.3d 16 (2005).

The garnishment statute's purpose is to enforce a debtor's obligations. *See* RCW 6.27.005. Although a garnishment proceeding is ancillary to the principal suit between a creditor and a debtor, it is adversarial in nature because the creditor takes action against the garnishee to satisfy a claim against the debtor. *Watkins*, 137 Wn.2d at 638-39. Once a judgment creditor obtains a writ of garnishment, the garnishee must answer the writ. *See* RCW 6.27.190; *Bartel v. Zucktriegel*, 112 Wn. App. 55, 65, 47 P.3d 581 (2002). In its answer, the garnishee must provide information about the funds or property of the debtor in its control and the amount it owed the debtor when the writ is served. *See* RCW 6.27.190. After the garnishee has answered the writ, the judgment creditor or defendant debtor may file an affidavit controverting the garnishee's answer. RCW 6.27.210. The garnishee may then file an affidavit responding to the controverting affidavit. RCW 6.27.220.

After the time for the garnishee's response expires, any party may note the matter for a controversion hearing before a commissioner or presiding judge "for a determination whether an issue is presented that requires a trial." RCW 6.27.220. "If a trial is required, it shall be noted as in other cases." RCW 6.27.220. If a trial is not required, then the superior court may dispose of the controversion in whatever appropriate manner. *See Bassett v. McCarty*, 3 Wn.2d 488, 499-500, 101 P.2d 575 (1940). For a party to be entitled to a trial, he or she must produce affidavits

7

or other competent evidence raising facts that, if established, would allow the party to prevail. *See* 3 Wn.2d at 499.

O'Hagan's only factual challenge related to the garnishment action was his allegation that Ocean Spray erroneously estimated a future payment at $1,187.55 when the correct amount was $10,687.95. But O'Hagan provided the superior court no affidavits or other evidence to support this factual allegation. Thus, we hold that because O'Hagan did not produce affidavits or other competent evidence raising facts that, if established, would allow him to prevail, the superior court did not err by entering the order to pay based on the hearing and without a trial.

## IV. GARNISHMENT EXEMPTION FOR EARNINGS

O'Hagan argues 75 percent of the proceeds garnished from Ocean Spray were exempt from garnishment because the proceeds were earnings under RCW 6.27.150(1). We disagree.

We review statutory interpretation de novo. *Dot Foods, Inc. v. Dep't of Revenue*, 166 Wn.2d 912, 919, 215 P.3d 185 (2009). When interpreting a statute, our "fundamental objective is to ascertain and carry out the Legislature's intent." *Dep't of Ecology v. Campbell & Gwinn, LLC.*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Where a statute's meaning is plain on its face, we give effect to that meaning "as an expression of legislative intent." 146 Wn.2d at 9-10. RCW 6.27.150(1) states:

> [I]f the garnishee is an *employer* owing the defendant *earnings*, then for each week of such earnings, an amount shall be exempt from garnishment which is the greatest of the following:
>
> . . . .
>
> (b) Seventy-five percent of the disposable *earnings* of the defendant.

(Emphasis added.) RCW 6.27.010(1) states in part:

8

> As used in this chapter, the term "earnings" means compensation paid or payable to an individual *for personal services*.

(Emphasis added.)

Here, Ocean Spray stated in its answer to the writ of garnishment that Ocean Spray did not employ O'Hagan. Thus, Ocean Spray is not O'Hagan's "employer" under RCW 6.27.150(1). The proceeds from Ocean Spray are compensation for O'Hagan's cranberry deliveries, not for his personal services. Thus, the garnished proceeds were not "earnings" under RCW 6.27.150(1). Because Ocean Spray was not O'Hagan's employer and the proceeds from Ocean Spray were not "earnings," Ocean Spray's garnished proceeds were not subject to RCW's 6.27.150(1)(b)'s 75 percent exemption.

## V. SUPPLEMENTAL PROCEEDINGS

O'Hagan argues the superior court erred by denying his motion to initiate supplemental proceedings to address issues unrelated to the garnishment action before the superior court. We disagree.

Washington law offers several alternatives for a judgment creditor to enforce a judgment against his or her debtor, when that debtor either is not paying willingly or is taking steps to avoid payment. One alternative is garnishment under chapter 6.27 RCW. Another is supplemental proceedings under chapter 6.32 RCW, which allows a creditor to move for an order to compel the judgment debtor to appear in court.

RCW 6.32.010 states in part:

> At any time within ten years after entry of a judgment . . . upon application by the judgment creditor such court or judge may, by an order, require the judgment debtor to appear at a specified time and place before the judge granting the order . . . to answer concerning the same.

No. 47078-1-II

RCW 6.32.030 states in part:

> Any person may be made a party to a supplemental proceeding by service of a like order in like manner as that required to be served upon the judgment debtor, and upon proof by affidavit or otherwise, to the satisfaction of the judge, that execution has been issued and return made thereon wholly or partially unsatisfied, and also that any person or corporation has personal property of the judgment debtor . . . or is indebted to him or her in said amount, or is holding the title to real estate for the judgment debtor, or has knowledge concerning the property interests of the judgment debtor.

(Emphasis added.) "The purpose of [supplemental] proceedings is to make the judgment debtor answer concerning the extent and whereabouts of his or her property and, if possible, to enable the judgment creditor to locate nonexempt property belonging to the judgment debtor which may be applied on the debt." *Rainier Nat'l. Bank v. McCracken*, 26 Wn. App. 498, 511, 615 P.2d 469 (1980). Accordingly, only judgment creditors may initiate and bring third parties into supplemental proceedings. RCW 6.32.010; *see* RCW 6.32.030 (requiring proof that execution of a judgment "has been issued and return made thereon wholly or partially unsatisfied" before making an individual a party to supplemental proceedings). A party must provide an adequate factual basis to initiate or make an individual a party to supplemental proceedings. *See Seventh Elect Church in Israel v. Rogers*, 34 Wn. App. 105, 112, 660 P.2d 280 (1983).

Here, O'Hagan requested supplemental proceedings to address issues unrelated to the garnishment action before the superior court. O'Hagan was not a creditor in the garnishment action actually before the superior court: he was a debtor. Only creditors may request supplemental proceedings. Thus, O'Hagan was not entitled to supplemental proceedings in the garnishment action before the superior court.

10

No. 47078-1-II

## VI. OTHER ARGUMENTS

O'Hagan makes numerous other arguments on appeal that have no relationship to the garnishment action before the superior court. Because these issues were not properly before the superior court, we do not consider them. *See W.R. Grace & Co. v. Dep't of Revenue*, 137 Wn.2d 580, 592, 973 P.2d 1011 (1999); *Dep't of Ecology v. Acquavella*, 131 Wn.2d 746, 760, 935 P.2d 595 (1997); *Mount Vernon v. Cochran*, 70 Wn. App. 517, 527, 855 P.2d 1180 (1993).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Johanson, C.J.

_____
Melnick, J.

11