[No. 16379. Department Two. March 23, 1922.]

J. A. TAYLOR, *Appellant*, v. J. L. BASYE, *Respondent*.[1]

LANDLORD AND TENANT (129)—UNLAWFUL DETAINER—DEFENSES. An arbitration and award between a landlord and tenant, whereby the tenant was to retain possession of the leased premises until the landlord had made full repayment of a substantial sum in cash, goes solely to the right of possession and therefore is a good defense to an action of unlawful detainer.

ARBITRATION AND AWARD (1)—CONTRACTS (39)—VALIDITY—WHAT LAW GOVERNS. A written agreement for an arbitration and award, not affecting the title to real property in this state, good as a common law award and valid in the state where made, will be enforced in this state, although it was not made a matter of record nor judgment entered upon it, as required of awards in this state.

Appeal from a judgment of the superior court for Clarke county, Blake, J., entered November 12, 1920, upon sustaining a plea in abatement, dismissing an action of unlawful detainer. Affirmed.

*Miller, Wilkinson & Miller,* for appellant.
*Frank H. Hilton,* for respondent.

HOVEY, J.—Appellant brought an unlawful detainer action against the respondent, and the trial court sustained a plea in abatement, discharged the jury and entered judgment for respondent.

The controversy grows out of a lease of real estate and a sale of personal property. On November 1, 1919, appellant leased about nine hundred acres of land to the respondent for a term of years, at an annual rental

[1]Reported in 205 Pac. 16.

of $1,000. Respondent paid the first year's rent by giving $500 in cash and his note for the remaining $500. At the same time appellant sold respondent considerable personal property for which the latter paid $4,000 in cash. Within a few months after the lease was made, the parties had difficulty and, at appellant's request, they went to the city of Portland, Oregon, where appellant resided, and there entered into an arbitration agreement for the settlement of all their difficulties. Arbitrators were appointed and conducted a hearing and made an award in writing, by the terms of which appellant was to take back certain of the personal property and was to have possession of a new house upon the premises on April 1, 1920, and pay to respondent a substantial sum in cash. Respondent was to be permitted to stay on the balance of the premises until April 20, 1920, and to retain possession, without rental or charge, for a period of ten days after full payment had been made by appellant. It appears from the testimony that appellant so far accepted the award as to take possession of the dwelling house, but he refused to comply with the other terms of the award, and his present action was brought in May, 1920.

It is first contended by appellant that this, being an action of unlawful detainer, the arbitration award cannot be interposed as a defense. *Ralph v. Lomer*, 3 Wash. 401, 28 Pac. 760; *Phillips v. Port Townsend Lodge F. & A. M.*, 8 Wash. 529, 36 Pac. 476; *Monroe v. Stayt*, 57 Wash. 592, 107 Pac. 517, 30 L. R. A. (N. S.) 1102; *Hutchinson v. Wilson*, 54 Wash. 410, 103 Pac. 474, are cited. These are all cases where outside issues are sought to be brought into the case. This action is one for the recovery of the possession of real property, and a defense which goes solely to the right of

possession cannot be said to be without the issues, and, in our opinion, the portion of this award which is material to this issue raises simply this question.

We come now to consider the effect to be given to the award. This court has held that an agreement for arbitration made in this state is without effect unless it complies with our statute. *Dickie Manufacturing Co. v. Sound Constr. & Eng. Co.*, 92 Wash. 316, 159 Pac. 129. It is admitted that this award is good as a common law award and legal under the laws of the state of Oregon, where it was made, and it seems to be sufficient in all respects to comply with the laws of this state, except that it was never made a matter of record nor judgment entered upon it as our laws prescribe. The parties entering into the agreement were both in the state of Oregon. The subject-matter embraces a lease which, under our laws, is a chattel interest (*Tibbals v. Iffland*, 10 Wash. 451, 39 Pac. 102; *American Savings Bank & Trust Co. v. Mafridge*, 60 Wash. 180, 110 Pac. 1015), and certain other personal property concerning which the parties were free to contract irrespective of where it was situated.

It is a familiar principle that a contract good in the state where it is made can be enforced in another state even though it is not executed with the formalities required in the latter state (13 C. J. 252), and this rule has been applied to agreements for arbitration. 5 C. J. 33. In this case, appellant has accepted a part of the award, but it is not necessary for us to pass upon the question whether this in itself would estop him from questioning the legality of it. It is also unnecessary for us to pass upon the effect to be given to the exception in our statute of controversies respecting the title to real property. The title to the land is not involved in this action nor is it affected by the award.

In our opinion, the plea was a proper one and the judgment is affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and MITCHELL, JJ., concur.