[No. 13141-2-II.   Division Two. · May 15, 1991.]

HAROLD CHANNEL, ET AL, *Appellants*, v. JONATHAN LEE MILLS, ET AL, *Respondents*.

*C. Duane Lansverk* and *Landerholm, Memovich, Lansverk & Whitesides, Inc., P.S.,* for appellants.

*Norman C. Dick, Odine H. Husemoen,* and *Walstead, Mertsching, Husemoen, Donaldson & Barlow, P.S.,* for respondents Mills.

*Robert M. Gregg,* for respondent Linda Channel.

*Keith Anderson,* pro se.

ALEXANDER, J.—Harold and Patricia Channel appeal a summary judgment in favor of Jonathan Mills and Keith Anderson, contending that an arbitration award should not have been given collateral estoppel effect. Mills claims that the appeal is frivolous and he requests attorney's fees. We reverse the judgment and deny Mills' claim for fees.

The material facts of this case are not in dispute. On August 30, 1986, two vehicles collided at an intersection near Vancouver, Washington. One vehicle was driven by Patricia Channel. Her daughter, Christy Channel, a passenger, died as a result of the collision. The other vehicle involved in the collision was driven by Jonathan Mills. An automobile driven by Keith Anderson was not directly involved in the collision, but there was a contention that both he and Mills had been driving their automobiles over the speed limit, had entered the intersection against a red light, and that this conduct contributed to the accident.

Harold and Patricia Channel brought suit against Mills and Anderson for damages. Before trial, they also arbitrated an underinsured motorist claim against their own insurance carrier, PEMCO. On the underinsured motorist claim, a 3–member arbitration panel concluded that Patricia Channel had entered the intersection on a green light and was 15 percent at fault for the collision. They found that Mills had entered the intersection on a red light and was 85 percent at fault. Anderson's negligence, the arbitrators decided, was not the proximate cause of the accident. They concluded, additionally, that the Channels' damages were $380,047.13. The arbitration award was never reduced to a judgment.[1] Ultimately, the Channels and PEMCO entered into an agreement to settle. The terms of the settlement were not before us, but both parties to the appeal agree that it resolved all policy claims.

Following arbitration, Anderson moved for a summary judgment dismissing the negligence action against him on the basis that the Channels were collaterally estopped from maintaining the action because of the prior arbitration award. The Channels and Mills also filed motions for summary judgment. The trial court granted a partial summary judgment to Mills and denied the Channels' motion. It dismissed the complaint against Anderson with prejudice. It

---

[1]RCW 7.04.190 provides for entry of a judgment in conformity with an order of the court confirming, modifying, correcting or vacating an arbitration award.

concluded that the arbitration award was binding on the Channels but not on Mills and Anderson. It concluded, also, that Patricia Channel's comparative negligence was at least 15 percent, but that the jury could find that it exceeded 15 percent; that the Channels' damages could not exceed $380,047.13, but that the jury could award a lesser sum. Following denial of a motion for reconsideration, this appeal was filed.[2]

The issue we are presented with is this: Should the arbitrator's award have been given collateral estoppel effect against the Channels?

The Channels contend that an arbitration award should not be given collateral estoppel effect if, as in this case, the award was not reduced to judgment. Mills responds that the trial court properly applied the collateral estoppel doctrine against the Channels because (1) the issues decided in the arbitration were identical to the issues being litigated in superior court, (2) the arbitration award was equivalent to a final judgment on the merits, (3) the Channels were a party to the arbitration, and (4) the issues were fairly litigated and there is no injustice to the Channels.

■ A nonparty to a prior adjudication may use the collateral estoppel doctrine defensively against a party to the earlier action. *Dunlap v. Wild,* 22 Wn. App. 583, 591 P.2d 834 (1979) (citing *Henderson v. Bardahl Int'l Corp.,* 72 Wn.2d 109, 116, 431 P.2d 961 (1967) (mutuality rule abandoned)). Application of the doctrine requires an affirmative answer to the following four questions:

> (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied?

---

[2]After the appeal was filed, the Channels and Andersons entered into a settlement. The appeal of the judgment, insofar as it dismissed the claim against Anderson, has been dismissed.

*Rains v. State,* 100 Wn.2d 660, 665, 674 P.2d 165 (1983) (quoting *Seattle–First Nat'l Bank v. Cannon,* 26 Wn. App. 922, 927, 615 P.2d 1316 (1980)); *Chau v. Seattle,* 60 Wn. App. 115, 802 P.2d 822 (1991).

Here, there is no dispute that the issues in the arbitration proceeding (liability and damages) are the same as the issue presented to the Superior Court. There is also no dispute over the fact that the Channels (the persons against whom the plea of estoppel is being asserted) were parties to the previous adjudication. Consequently, the only two questions we need to address are (1) whether the arbitration award, described as having been "abandoned" by the Channels and PEMCO, is a final judgment on the merits which can be used for its collateral estoppel effect by a nonparty, and (2) whether application of the doctrine works an injustice.

In *Dougherty v. Nationwide Ins. Co.,* 58 Wn. App. 843, 795 P.2d 166 (1990), Division One of the court reached the conclusion that an award in arbitration is equivalent to a final judgment. The court said:

> While the word "award" is not defined in our arbitration statutes, it is apparent from the manner in which it is used that the Legislature was treating it as a final, complete, and binding decision resolving the dispute. Consistent with the authorities cited above, in its completeness and finality, it is the equivalent of a final judgment entered by a court.

*Dougherty,* 58 Wn. App. at 849.[3]

█ We respectfully disagree with Division One. In our judgment, an arbitration award is not the same thing as a final judgment of a court. We reach this conclusion primarily because Washington's statutory scheme for arbitration, RCW 7.04, provides a rather elaborate process for the confirmation, vacation, correction or modification of an arbitration award in court and for the entry of a judgment which conforms with the court's final determination. RCW 7.04.150, .160, .170, .180, .190. We can only conclude from a

---

[3]This is essentially dicta because the court concluded in that case that the arbitrator's decision did not qualify as an "award".

plain reading of these statutes that the Legislature did not consider an award in arbitration to be equivalent to a final judgment of a court. If it had it would have been unnecessary to provide a process to reduce the award to judgment. We conclude, therefore, that an award of arbitrators that has not been reduced to judgment pursuant to the statutory framework discussed above is not equivalent to a judgment. It is, in our view, more akin to a jury verdict or a trial court's memorandum opinion or oral decision, determinations which are not considered equivalent to a judgment. *See State v. Mallory,* 69 Wn.2d 532, 419 P.2d 324 (1966); *Bassett v. McCarty,* 3 Wn.2d 488, 101 P.2d 575 (1940).

Our holding is consistent with Restatement (Second) of Judgments § 84, comment *e,* in which it is stated: "An arbitration has preclusive effects in a subsequent proceeding only if the award has become final. Whether the award is final is determined by an inquiry paralleling that in determining whether a judgment is final for the purposes of res judicata." In *Wilson v. Hubbard,* 39 Wash. 671, 682, 82 P. 154 (1905), our Supreme Court said: "it is necessary, in order to support the plea of res judicata, that a judgment, decree, or final order should have been actually rendered . . .". (Italics omitted.)

Finally, it is worth noting that the parties to the arbitration proceeding, PEMCO and the Channels, did not consider the arbitrator's award to be a final determination of their dispute. After the arbitrators made their award, the Channels and PEMCO essentially ignored it and entered into a settlement agreement. While, as respondents point out, the arbitration award was never vacated, corrected or modified, that would not be unusual in such a situation because there would be little incentive to do so where the parties to the arbitration proceeding subsequently resolve their dispute informally.

Having concluded that the arbitrator's award was not a final judgment, it is unnecessary for us to deal with the

Channels' contention that an injustice would be worked if the arbitrator's award is given collateral estoppel effect.

We reverse the summary judgment in favor of Mills and deny his claim for fees. We remand for entry of a judgment in favor of the Channels.

PETRICH, A.C.J., and MORGAN, J., concur.