[No. 18176-2-II.   Division Two.   January 8, 1996.]

RICK L. LARSEN, ET AL., *Respondents*, v. FARMERS INSURANCE COMPANY, *Appellant*.

*Mark S. Brumbaugh* and *Walstead, Mertsching, Husemoen, Donaldson & Barlow, P.S.*, for appellant.

*Lance E. Palmer* and *Levinson, Friedman, Vhugen, Duggan & Bland*, for respondents.

MORGAN, J. — A panel of arbitrators found that collateral estoppel barred Rick Larsen's underinsured motorist claim. The superior court reversed, and the insurer appealed. We affirm the superior court.

At all pertinent times, Larsen resided in Lewis County, Washington. His auto policy, written by Farmers, included UIM coverage. It provided, among other things, that a

UIM claim would be arbitrated "in the county where the **insured person** lives."[1]

On October 5, 1989, Larsen was involved in an auto accident in Multnomah County, Oregon. The driver of the other car, Victor Dahl, had liability coverage in the amount of $25,000.

On September 4, 1991, Larsen sued Dahl in the Multnomah County Circuit Court. On July 13, 1992, Larsen moved to have the case transferred to "court-annexed arbitration,"[2] Oregon's equivalent of Washington's mandatory arbitration.[3] The motion was granted, and an arbitration hearing was held before a single arbitrator. On October 9, 1992, the arbitrator awarded Larsen $21,366, but thereafter he did not file the award with the court.

On November 3, 1992, the Multnomah County Circuit Court issued an order stating that if the award were not filed with the court within 14 days, Larsen's complaint would be dismissed. Larsen and Dahl responded by filing the following written stipulation:

> IT IS STIPULATED by and between the parties that this case, having been compromised and fully settled, be dismissed with prejudice and without costs to any party.

Clerk's Papers (Vol. II) at 18. On January 21, 1993, the Multnomah County Circuit Court dismissed Larsen's complaint with prejudice.

Meanwhile, on June 8, 1992, Larsen submitted a UIM claim to Farmers. On December 29, 1992, a UIM arbitration hearing was convened in Lewis County, Washington, before a panel of three arbitrators. Relying on collateral estoppel, Farmers moved for an order precluding Larsen from seeking more than the $21,366 awarded in Oregon. The panel granted the motion. It also terminated the arbitration hearing, because the amount of Dahl's liability

---

[1] Clerk's Papers (Vol. II) at 60.

[2] Clerk's Papers at 22.

[3] *Compare* ORS 36.400-.425 *with* RCW 7.06.

coverage (i.e., $25,000) exceeded the $21,366 awarded in Oregon.[4]

In February 1993, Larsen filed suit in the Lewis County Superior Court. His position was that the Oregon arbitration award was not a final judgment, and that he was not precluded from seeking, in the UIM arbitration, damages exceeding $21,366. The superior court agreed and ordered that the Lewis County arbitration be reconvened. Farmers then filed this appeal.

■ Generally, a party who has adjudicated an issue to finality is estopped from readjudicating it in a subsequent action.[5] It does not matter whether the prior adjudication occurred in arbitration or in litigation, so long as it resulted in a final judgment.[6] The party is directly estopped from readjudicating the issue in a subsequent action on the same claim, and collaterally estopped from readjudicating the issue in a subsequent action on a different claim.[7]

■ To determine whether a party is estopped, it is necessary to address four questions: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? And (4) will the application of the doctrine not work an injustice on the party against whom the doc-

---

[4]*See Hamilton v. Farmers Ins. Co.*, 107 Wn.2d 721, 727-28, 733 P.2d 213 (1987).

[5]*Hilltop Terrace Homeowner's Ass'n v. Island County*, 126 Wn.2d 22, 31, 891 P.2d 29 (1995); Restatement (Second) of Judgments § 27 (1982).

[6]*Neff v. Allstate Ins. Co.*, 70 Wn. App. 796, 799, 855 P.2d 1223 (1993), *review denied*, 123 Wn.2d 1004 (1994); *Western Indus. & Environmental Servs., Inc. v. Kaldveer Assocs., Inc.*, 126 Idaho 541, 887 P.2d 1048, 1050 (1994); *E.W. Audet & Sons, Inc. v. Fireman's Fund Ins. Co.*, 635 A.2d 1181 (R.I. 1994); *Aufderhar v. Data Dispatch, Inc.*, 452 N.W.2d 648, 651 (Minn. 1990) (citing cases); *see Channel v. Mills*, 61 Wn. App. 295, 810 P.2d 67 (1991).

[7]*Alcantara v. Boeing Co.*, 41 Wn. App. 675, 678-79, 705 P.2d 1222, *review denied*, 104 Wn.2d 1022 (1985).

trine is to be applied?[8] If each of these questions is answered affirmatively, the party is estopped.

Here, we answer the first question affirmatively. The Oregon arbitrator decided damages, and Larsen wants to argue that issue again in Washington.

We also answer the third and fourth questions affirmatively. Larsen was a party to the Oregon adjudication, and there is no claim that estoppel would work injustice peculiar to this case.

The second question is the one in dispute. At the outset, the written stipulation quoted above makes it appear that Larsen and Dahl compromised and settled their dispute, rather than pursuing it to final judgment. Nevertheless, Farmers contends that the Oregon arbitration award was equivalent to a final judgment and, implicitly, that Larsen's and Dahl's resolution of the matter should be treated as a satisfaction of judgment rather than a settlement. Larsen disagrees, as did the superior court.

To determine whether the Oregon arbitration proceeding resulted in a final judgment, we look to Oregon law.[9] "The local law of the state of rendition determines whether or not a judgment is final and, if not, what issue or issues remain subject to final determination."[10] Thus, "[a] judgment will not be recognized or enforced in other states insofar as it is not a final determination under the local law of the state of rendition."[11]

---

[8]*Barr v. Day*, 124 Wn.2d 318, 324-25, 879 P.2d 912 (1994); *Department of Ecology v. Yakima Reservation Irrigation Dist.*, 121 Wn.2d 257, 296, 850 P.2d 1306 (1993); *Channel v. Mills*, 61 Wn. App. at 298-99 (citing *Rains v. State*, 100 Wn.2d 660, 665, 674 P.2d 165 (1983)).

[9]*Taylor v. Basye*, 119 Wash. 263, 205 P. 16 (1922).

[10]Restatement (Second) of Conflicts of Laws § 107, comment (c) (1971).

[11]Restatement (Second) of Conflicts of Laws § 107 (1971); *see also Semler v. Psychiatric Inst.*, 575 F.2d 922, 927 (D.C. Cir. 1978) (sister state's judgment precludes new suit in forum state to same extent as it would preclude new suit in rendering state); *Century Int'l Management v. Gonzalez*, 601 So. 2d 105, 107, *cert. denied*, July 24, 1992 (Ala. Civ. App. 1992); *Joannou v. Corsini*, 543 So. 2d 308, 310 (Fla. Ct. App. 1989) (finality determined by law of state of rendition); *King v. Hanson*, 192 Ill. App. 3d 966, 549 N.E.2d 757, 758 (1989) (forum state ap-

The governing Oregon law is ORS 36.425 and Oregon Uniform Trial Court Rule (UTCR) 13.220. ORS 36.425 provides:

> (1) At the conclusion of arbitration under ORS 36.400 to 36.425 of a civil action, the arbitrator shall file the decision and award with the clerk of the court that referred the action to arbitration . . . .

> (2)(a) Within 20 days after the filing of a decision and award with the clerk of the court under subsection (1) of this section, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file with the clerk a written notice of appeal and request for a trial de novo . . . .

> (3) If a written notice is not filed under subsection (2)(a) of this section within the 20 days prescribed, the clerk of the court shall enter the arbitration decision and award as a final judgment of the court, which shall have the same force and effect as a final judgment of the court in the civil action and may not be appealed.[12]

Supplementally, UTCR 13.220 provides:

> (1) The arbitrator shall file the award with the trial court administrator who referred the action to arbitration, together with proof of service of a copy of the award, upon each party within the following times after the completion of the arbitration hearing:

> (a) In dissolution cases within 21 days.

> (b) In all other cases within 14 days.

> . . . .

> (4) After the award is filed, the arbitrator must return all documents and exhibits to the parties who originally offered them. . . . The parties must retain all exhibits returned by the arbitrator until a final judgment is entered in the case.

---

plies law of rendering state "to determine the extent of modification of a judgment").

[12]The statute was amended in 1995, but the amendments are not significant here. *See* 1995 Or. Laws ch. 455, § 3.

Under these provisions, an arbitration award, without more, is not a final judgment. ORS 36.425 states that an arbitrator must file his or her award with the clerk of the court. ORS 36.425(1). After that is done, the parties must "retain all exhibits . . . until a final judgment is entered in the case." UTCR 13.220(4). If the losing party does not appeal, "the clerk of the court shall enter the arbitration decision and award as a final judgment . . . ." ORS 36.425(3). Only after these conditions are satisfied does the award "have the same force and effect as a final judgment . . . ." ORS 36.425(3).

This interpretation is consistent with *Loving v. Portland Postal Employees Credit Union*, 124 Or. App. 373, 862 P.2d 556 (1993). In that case, the arbitration award was filed with the court on August 26, 1991. According to the Oregon Court of Appeals, however, a "final" judgment was entered on September 18, 1991.[13]

■ This interpretation is also consistent with *Channel v. Mills*, 61 Wn. App. 295, 810 P.2d 67 (1991). That case, like this one, involved an auto accident. Channel made a UIM claim against her own insurer. Pursuant to RCW 7.04 and her insurance contract, an arbitration panel rendered an award stating that her total damages were $380,047 and that she was 15 percent at fault. The award was never reduced to judgment, because Channel and her insurer settled. Channel then sued Mills, who sought an order declaring as a matter of law that Channel's damages could not exceed $380,047, and that her fault was at least 15 percent. The trial court granted the order, but we reversed. We stated:

> In our judgment, an arbitration award is not the same thing as a final judgment of a court. We reach this conclusion primarily because Washington's statutory scheme for arbitration, RCW 7.04[.010 et seq.], provides a rather elaborate process for the confirmation, vacation, correction or modification of an arbitration award in court and for the entry of a judg-

---

[13]*See also Green Seasons Turf & Trees, Inc. v. Shiva's Restaurant Corp.*, 125 Or. App. 227, 864 P.2d 1345 (1993).

ment which conforms with the court's final determination. RCW 7.04.150, .160, .170, .180, .190. We can only conclude from a plain reading of these statutes that the Legislature did not consider an award in arbitration to be equivalent to a final judgment of a court. If it had it would have been unnecessary to provide a process to reduce the award to judgment. We conclude, therefore, that an award of arbitrators that has not been reduced to judgment pursuant to the statutory framework discussed above is not equivalent to a judgment. It is, in our view, more akin to a jury verdict or a trial court's memorandum opinion or oral decision, determinations which are not considered equivalent to a judgment. *See State v. Mallory*, 69 Wn.2d 532, 419 P.2d 324 (1966); *Bassett v. McCarty*, 3 Wn.2d 488, 101 P.2d 575 (1940).

61 Wn. App. 299-300.

*Channel* and this case are different in that *Channel* involved RCW 7.04, while this case involves ORS 36.425. The difference is without significance, however, for both statutes provide that an arbitration award will have the "force and effect" of a judgment only when entered as a judgment. RCW 7.04.210; ORS 36.425. Under both statutes, an arbitration award is analogous to a jury verdict, in that it remains subject to correction and modification for a period of time after it is made.

Parenthetically, we observe that this analogy between an arbitration award and a jury verdict used to appear on the face of the Washington statutes. Until 1943, when RCW 7.04 was enacted, Rem. Rev. Stat. § 422 commanded that an arbitration award be delivered to the clerk of the local superior court, "who shall enter the same on record in his office." Then, "if the matter be not settled . . . , and if no exceptions be filed against the [award] within twenty days . . ., *judgment shall be entered as upon the verdict of a jury*, and execution may issue thereon . . . ."[14]

Farmers asks us to disavow *Channel*, and to follow

---

[14]Rem. Rev. Stat. § 422 (emphasis added); Laws of 1943, ch. 138, § 23. *See also Zindorf Constr. Co. v. Western Am. Co.*, 27 Wash. 31, 36-37, 39, 67 P. 374 (1901) (citing Ball. Code §§ 5102-12).

language drawn from *Dougherty v. Nationwide Ins. Co.*, 58 Wn. App. 843, 795 P.2d 166 (1990), *review denied*, 116 Wn.2d 1009 (1991). The *Dougherty* court stated that the Legislature intended to treat an arbitration award as "a final, complete, and binding decision resolving the dispute," and as "the equivalent of a final judgment entered by a court."[15] For several reasons, however, we think *Channel* is correct.

First, the language drawn from *Dougherty* is dictum. The *Dougherty* court expressly held that "the arbitrators' decision [in *Dougherty*] does not qualify as an award because it falls far short of being a final and complete decision."[16] Thus, the *Dougherty* court did not have an arbitration award before it, and it was not required to decide whether an arbitration award should have preclusive effect.

Second, the *Dougherty* court seems to have assumed that all arbitration awards have preclusive effect—in other words, that an award sanctioned by common law and an award made pursuant to statute are necessarily preclusive to the same extent. Although we assume that a court can give preclusive effect to an award made under the common law,[17] we think that before a court can give preclusive effect to an award made pursuant to statute, the court must consider the terms of the statute under which the award was rendered. The *Channel* court did that, but the *Dougherty* court did not.

Third, the *Dougherty* court relied primarily on 5 Am. Jur. 2d *Arbitration and Award* § 147 and § 151.[18] Those sections now exist as 4 Am. Jur. 2d *Alternative Dispute Resolution* § 214 and § 218 (1995). Section 214 states:

---

[15]58 Wn. App. at 849.

[16]58 Wn. App. at 849.

[17]*See Taylor v. Basye*, 119 Wash. 263, 205 P. 16 (1922) (Washington Supreme Court granted preclusive effect to arbitration award that was final under Oregon common law).

[18]The *Dougherty* court also cited *Scoggins v. Boeing Co.*, 742 F.2d 1225 (9th Cir. 1984), and John C. Braman, *The 1943 Washington Arbitration Act*, 22 Wash. L. Rev. 117 (1947). We are unable to perceive how either citation helps on

The award of the arbitrators acting within the scope of their authority determines the rights of the parties as effectually as a judgment secured by regular legal procedure and is as binding as a judgment until set aside or its validity questioned in a proper manner. *However, it has also been said that it is only judgment entered on arbitration after confirmation that is entitled to res judicata effect.*

4 Am. Jur. 2d at 241-42 (emphasis added) (footnotes omitted).[19] The italicized sentence applies here, as it did in *Channel*, because the pertinent statutes—RCW 7.04 in *Channel*, and ORS 36.425 here—clearly differentiate between an arbitration award on the one hand and a final judgment on the other.[20]

Fourth, Farmers argues that *Channel* offends RCW 7.04.150, which states in part, "The validity of an award, otherwise valid, shall not be affected by the fact that no motion is made to confirm it." We are here concerned with an award made under ORS 36.425, not with an award made under RCW 7.04.150. Thus, even if this argument were correct, it would not affect this case.[21]

In addition to attacking *Channel*, Farmers relies on

---

the question of whether an arbitration award, without more, should be given preclusive effect.

[19]Section 218 is consistent with § 214. It states:

A common-law award is not self-enforcing. When an award is made it is read into the original submission agreement, and the remedy of the prevailing party is as in the action on a contract. Either party is entitled to bring an action on the award, and to have a judgment entered on it, and thereafter he [or she] is entitled to the use of suitable remedies for enforcing the judgment.

4 Am. Jur. 2d at 247 (footnotes omitted).

[20]*See* ORS 36.425; UTCR 13.220; *compare* RCW 7.04.140 *with* RCW 7.04.190-.210.

[21]In any event, we do not believe the argument is correct. In our view, the language quoted from RCW 7.04.150 was designed to insure that actions taken in compliance with a nonconfirmed arbitration award need not be undone simply because neither party confirms the award or obtains a final judgment. The language was not designed to give a nonconfirmed arbitration award preclusive effect; if so read, it would render surplusage other parts of the same statutory scheme, which provide that a judgment "shall be entered," RCW 7.04.190, and, when "so entered," that the judgment shall have "the same force and effect" as other judgments. RCW 7.04.210.

*Taylor v. Basye*, 119 Wash. 263, 205 P. 16 (1922), *Rueda v. Union Pac. R. Co.*, 180 Or. 133, 175 P.2d 778 (1946), and *Jacob v. Pacific Export Lumber Co.*, 136 Or. 622, 297 P. 848 (1931).[22] Each of the three, however, is distinguishable. In each of the three, the Oregon award was a final judgment under the governing law, which was Oregon's common law. In contrast, the Oregon award in the case at bar is not a final judgment under the governing law, which is ORS 36.425. Farmers points out that Washington no longer has common law arbitration, *Dickie Mfg. Co. v. Sound Constr. & Eng'g Co.*, 92 Wash. 316, 319, 159 P. 129 (1916), and we assume the same may be true in Oregon.

Summarizing, we hold that Oregon law governs whether the Oregon arbitration award was equivalent to a final judgment. The governing Oregon law is ORS 36.425. Under that statute, an arbitration award shall "have the same force and effect as a final judgment" only when (a) filed with the clerk of court, (b) not appealed within 20 days, and (c) entered by the clerk as a judgment. Two of those conditions did not occur here. Thus, the Oregon arbitration award was not equivalent to a final judgment, and the superior court did not err in ruling as it did.

Affirmed.

HOUGHTON, A.C.J., and COX, J., concur.

---

[22]Farmers also cites *Olston v. Oregon Water Power & Ry. Co.*, 52 Or. 357, 97 P. 538 (1908), but we are unable to perceive how that case relates to this one.