[No. 18075-8-II.   Division Two.   May 3, 1996.]

*In the Matter of the Arbitration of* JANE FORTIN.

JANE FORTIN, *Appellant*, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL., *Respondents.*

*Patrick T. Manza* and *Manza Moceri, P.S.*, for appellant.
*Elizabeth A. Jensen* and *Richard J. Jensen, P.S., & Associates*, for respondents.

SEINFELD, C.J. — Jane Fortin appeals an order vacating an arbitrator's award and a judgment in favor of State Farm Mutual Automobile Insurance Company, her uninsured/underinsured motorist (UIM) carrier. We conclude that the arbitrator did not exceed the scope of his authority and that the superior court erred in determining that a phantom driver is not an entity to whom fault can be apportioned under former RCW 4.22.070 (Laws of 1986, ch. 305, § 401). Thus, we reverse.

## FACTS

This case involves a collision between Jane Fortin and Joseph Smith. Fortin was driving on the inside lane of a city street; Smith was traveling parallel to her in the outside lane. An unidentified driver (the phantom driver) suddenly pulled in front of Smith from an adjacent parking lot. Smith veered to avoid the phantom driver and collided with Fortin. The phantom driver left the scene and the parties have been unable to learn his identity.

Smith had a liability policy with Allstate Insurance Company with coverage limits of $100,000. Fortin had a UIM motorist policy with State Farm; the coverage limits were $50,000 per person and $100,000 per occurrence.

Fortin sued Smith for damages arising out of the accident; she also filed a UIM claim with State Farm for damages caused by the phantom driver. The State Farm UIM policy provides: "[State Farm] will pay damages for **bodily injury** an **insured** is legally entitled to collect from the owner or driver of an **underinsured motor vehicle**. The **bodily injury** must be caused by accident arising out of the operation, maintenance or use of an **underinsured motor vehicle**." The policy defines "underinsured motor vehicle" to include "a 'hit–and–run' land motor vehicle whose driver remains unknown and which was the proximate cause of **bodily injury** to an **insured**."

The policy further provides that before State Farm will

pay a claim the insured and State Farm must reach agreement on two questions:

1. Is the *insured* legally entitled to collect damages from the owner or driver of the *underinsured motor vehicle*; and

2. If so, in what amount?

In the event the parties are unable to agree, the policy provides that the question will be decided through arbitration upon the request of either party.

After Fortin presented a formal written demand to arbitrate the UIM claim, she, Allstate on behalf of Smith, and State Farm agreed to a single binding arbitration of both controversies.[1] They stipulated that Fortin suffered $20,000 damages. They also agreed to have the arbitrator memorialize his decision in the following form:

I, DONALD KELLEY, arbitrator, make the following answers to the questions submitted:

1. As to the issue of whether Fortin is legally entitled to collect damages from Smith or an unknown driver, if you find there was in fact an unknown driver, please answer the following:

1a. Were either of the following negligent?

Joseph Smith ____ Yes ____ No

Unknown driver ____ Yes ____ No

1b. If your answer to question 1a is "yes" as to either person, was such negligence a proximate cause of damage to Fortin?

Joseph Smith ____ Yes ____ No

Unknown driver ____ Yes ____ No

---

[1] At oral argument, the parties acknowledged that when they agreed to consolidate the litigation against Smith with the arbitration against State Farm, they did not intend to alter the liability that would have ensued from a judgment against Smith and an arbitration award against the phantom driver; they merely wanted to resolve the case with one hearing in one forum, as a matter of convenience.

2. What amount of damages is Fortin legally entitled to collect?

$ _____

3. Assume that 100% represents the total combined negligence which proximately caused Fortin's damage. What percentage of this 100% is attributable to each person whose negligence was found by you in question 1b to have been a proximate cause of damage to Fortin? (Your total answer equals 100%.)

Joseph Smith ____ %

Unknown driver ____ %

On October 28, 1992, the arbitrator delivered his decision to the parties, as follows: Smith and the unknown driver were both negligent; they both proximately caused Fortin's damages; and they each were 50 percent at fault. State Farm refused to pay any part of the award. Consequently, on September 23, 1993, Fortin moved for an order confirming the arbitration award and entry of judgment against State Farm for $10,000 and against Allstate for $10,000. State Farm agreed to entry of the arbitration award, but opposed Fortin's proposed judgment, arguing that Allstate should pay the full $20,000.

The superior court entered Fortin's order and judgment. But, on December 2, 1993, it granted State Farm's motion for reconsideration, ruling from the bench that Smith was 100 percent responsible for Fortin's damages. It memorialized this ruling in a subsequent order that contained the following conclusions of law: (1) the phantom driver was not an "entity" to whom fault could be apportioned under former RCW 4.22.070; (2) the arbitrator's determination of percentage of fault did not constitute an apportionment under former RCW 4.22.070; (3) an arbitration award can be modified when the arbitrator has made a mistake in applying the law; and (4) former RCW 4.22.070 requires apportionment of 100 percent of the fault to Allstate's insured, Smith. Accordingly, the superior court entered

judgment against Allstate for $20,000 and vacated the $10,000 judgment against State Farm.

Fortin then moved for reconsideration. After the superior court denied the motion, she filed this appeal.[2] She claims superior court error in (1) modifying the arbitration award after the expiration of the three month statute of limitation set forth in RCW 7.04.180; (2) reviewing the underlying merits of the action; (3) determining the arbitrator misapplied the law in apportioning fault to the phantom driver; and (4) holding that statute and contract do not obligate State Farm to pay Fortin those damages she is legally entitled to recover from the phantom driver. She also seeks attorney's fees on appeal.

## ANALYSIS

### I

### STATUTE OF LIMITATIONS

Fortin contends that the superior court lacked jurisdiction to modify the arbitration award after the expiration of the three month statute of limitations imposed by RCW 7.04.180. *See ML Park Place Corp. v. Hedreen*, 71 Wn. App. 727, 862 P.2d 602 (1993), *review denied*, 124 Wn.2d 1005 (1994). She argues that the arbitrator's decision incorporated both factual and legal findings. Fortin contends that the decision entitled her to collect half her damages from Smith's Allstate liability policy and the other half from her State Farm UIM policy. State Farm responds that the arbitrator merely served as a fact finder and that the superior court retained the right to apply the applicable law to the arbitrator's findings.

RCW 7.04.180 provides in relevant part: "Notice of a motion to vacate, modify or correct an award shall be served . . . within three months after a copy of the award is delivered to the party or his attorney."

---

[2]Allstate is not a party to this appeal as Fortin settled her claim against Allstate.

■ In its order modifying the arbitration award, the superior court found that it had authority to modify the arbitration award pursuant to RCW 7.04.170; *Northern State Constr. Co. v. Banchero*, 63 Wn.2d 245, 386 P.2d 625 (1963); *Carey v. Herrick*, 146 Wash. 283, 263 P. 190 (1928); *Kennewick Educ. Ass'n v. Kennewick Sch. Dist. No. 17*, 35 Wn. App. 280, 666 P.2d 928 (1983). RCW 7.04.170 empowers a court to modify or correct an award in instances (1) where the award contains an evident miscalculation or misdescription, (2) where the award has been granted upon a matter not submitted to arbitration, or (3) where the award is imperfect in a matter of form, not affecting the merits of the controversy. The superior court may modify or vacate an arbitrator's award only if the award on its face shows adoption of an erroneous rule or mistake in applying the law. *Northern State Constr. Co.*, 63 Wn.2d at 249–50; *Carey*, 146 Wash. at 292–93; *Kennewick Educ. Ass'n*, 35 Wn. App. at 281–82. *But see Channel v. Mills*, 61 Wn. App. 295, 810 P.2d 67 (1991) (arbitration award not reduced to judgment does not constitute "final" judgment for purposes of collateral estoppel; court did not discuss significance of RCW 7.04.170 or statute of limitations).

■ The arbitrator here did not commit any of the errors mentioned in RCW 7.04.170. Thus, the superior court lacked authority to modify the arbitration award. However, Fortin's proposed judgment did not merely incorporate the arbitrator's award; it required the superior court to decide legal questions regarding offsets not decided by the arbitrator, and then apply the law to the facts as found by the arbitrator. The arbitrator decided that Fortin was "legally entitled to collect damages" from the phantom driver; the terms of the State Farm UIM policy and the law determine State Farm's right to offset Smith's liability coverage against the total amount of those damages. *See Dougherty v. Nationwide Ins. Co.*, 58 Wn. App. 843, 795 P.2d 166 (1990) (where arbitrator determines total damages but does not determine liability, arbitrator's decision not an "award" under RCW 7.04.180 and thus not subject

to three month statute of limitations), *review denied*, 116 Wn.2d 1009 (1991). Thus, State Farm's challenge to the judgment was not barred by RCW 7.04.180.

## II
## STATE FARM'S DUTY TO PAY

Fortin argues that State Farm owes her $10,000 under her UIM policy because the arbitration award attributed 50 percent of her damages to the actions of the phantom driver. State Farm contends that it "is entitled to offset from the amount of the UIM award an amount representing 'applicable' liability policies." It argues that the Allstate policy was applicable and, thus, Allstate was responsible for 100 percent of Fortin's damages.

The Washington UIM statute requires UIM insurance to be "provided . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles, hit–and–run motor vehicles, and phantom vehicles." RCW 48.22.030(2). An "[u]nderinsured motor vehicle" is defined as

> a motor vehicle . . . with respect to which the sum of the limits of liability under all bodily injury or property damage liability bonds and insurance policies applicable to a covered person after an accident is less than the applicable damages which the covered person is legally entitled to recover.

RCW 48.22.030(1).

To determine the extent to which a liability policy is "applicable," as that term is used in RCW 48.22.030(1), the court must consider the extent to which the claimant, "if he or she diligently pursued the claim against the liability insured to final adjudication, could legally require the liability insurer to pay." *Allstate Ins. Co. v. Dejbod*, 63 Wn. App. 278, 284–85, 818 P.2d 608 (1991). The answer to this question turns on the application of tort law.

Under tort law, the extent of an insurer's liability

depends on whether an insured tort–feasor is severally or jointly and severally liable. RCW 4.22.070; *Dejbod*, 63 Wn. App. at 291–92. Several liability is the rule, unless (1) the claimant is without fault and (2) judgment has been entered against more than one defendant. RCW 4.22.070(b).

The first factor is satisfied here. The arbitrator assigned 100 percent of the fault to Smith and the phantom driver; thus, Fortin was fault free. However, as Fortin did not name the phantom driver as a defendant in her lawsuit against Smith, the second factor is not satisfied. " '[A] court cannot adjudicate the rights of parties who are not actually or constructively before it, with an opportunity to defend or maintain their rights in the action.' " *Bayha v. Public Util. Dist. No. 1*, 2 Wn.2d 85, 113, 97 P.2d 614 (1939) (quoting *State v. Gormley*, 40 Wash. 601, 82 P. 929 (1905)); *Mailloux v. State Farm Mut. Auto. Ins. Co.*, 76 Wn. App. 507, 513, 887 P.2d 449 (1995). As a result, Smith is only severally liable. Thus, Allstate is obligated to pay only the $10,000 attributable to Smith's negligence and Fortin cannot recover the damages attributable to the phantom driver from the remaining $90,000 of Allstate's coverage. As the phantom driver has no liability insurance, State Farm must compensate Fortin for the $10,000 of damages this uninsured driver caused her.

Notwithstanding the above analysis, State Farm argues that a phantom driver is not an entity to whom fault can be attributed under former RCW 4.22.070 and, therefore, the superior court's decision to attribute 100 percent of the fault to Smith was correct. At the time of the arbitration, former RCW 4.22.070(1)[3] provided:

In all actions involving fault of more than one entity, the

[3]The Legislature amended RCW 4.22.070(1) in 1993, prior to entry of the superior court's judgment in this matter. It currently provides:

(1) In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages *except entities immune from liability to the claimant under Title 51 RCW* [Industrial Insurance]. *The sum of the percentages of total fault attributed to at–fault entities shall equal*

trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages, including the claimant or person suffering personal injury or incurring property damage, defendants, third–party defendants, entities released by the claimant, entities immune from liability to the claimant and entities with any other individual defense against the claimant. . . .

State Farm contends that the superior court's reading of former RCW 4.22.070(1) was correct because it provides an exhaustive list of entities against which fault may be attributed. It argues that if the Legislature intended to include other unlisted entities it would have used the phrase, "include, but are not limited to."

Former RCW 4.22.070(1) explicitly provides that fault is to be attributed to "every entity" which caused the claimant's damages, prefacing a list of specific entities to which fault must be attributed with the word "including." This suggests that the Legislature intended this list to be illustrative, as opposed to restrictive.[4]

Further, the adoption of State Farm's interpretation of former RCW 4.22.070 would render the UIM statute, RCW 48.22.030, meaningless and would contradict the intent of the Legislature when it passed the UIM statute. The UIM statute is designed to " 'allow[] an injured party to recover those damages which the injured party would have received had the responsible party been insured with liability limits as broad as the injured party's statutorily mandated underinsured motorist coverage limits.' " *Hamilton v. Farmers Ins. Co.*, 107 Wn.2d 721, 727, 733 P.2d 213

---

*one hundred percent. The entities whose fault shall be determined include the claimant or person suffering personal injury or incurring property damage, defendants, third–party defendants, entities released by the claimant, entities with any other individual defense against the claimant, and entities immune from liability to the claimant, but shall not include those entities immune from liability to the claimant under Title 51 RCW. . . .*

RCW 4.22.070 (amended by Laws 1993, ch. 496, § 1, eff. July 1, 1993) (emphasis added).

[4]"When 'include' is utilized, it is generally improper to conclude that entities not specifically enumerated are excluded." 2A Norman J. Singer, Sutherland Statutory Construction, *Intrinsic Aids* § 47.23 (5th ed. 1992).

(1987) (quoting *Britton v. Safeco. Ins. Co. of Am.*, 104 Wn.2d 518, 531, 707 P.2d 125 (1985)). In other words, UIM coverage ensures "full compensation for those injured in automobile accidents" to the level of the "applicable liability and UIM [policy] limits." *Dejbod*, 63 Wn. App. at 281–83.

Relying on *Price v. Kitsap Transit*, 69 Wn. App. 1069, 70 Wn. App. 748, 856 P.2d 384 (1993), *aff'd*, 125 Wn.2d 456, 886 P.2d 556 (1994), State Farm contends that a phantom driver is not an entity to whom fault can be apportioned. In *Price*, the actions of a four–year old child proximately caused Price's injuries. He sued Kitsap Transit and the child. The superior court attributed 80 percent of the fault to the child. This Court reversed and the Supreme Court affirmed the reversal, finding that an "entity," as used in former RCW 4.22.070(1), "must be a juridical being capable of fault." *Price*, 125 Wn.2d at 461. As a child under six is incapable of having the mental capacity to be negligent, a child under the age of six is not an "entity" to whom fault can be assigned pursuant to former RCW 4.22.070(1). *Price*, 125 Wn.2d at 464.

*Price* is inapposite. The phantom driver was not incapable of fault as was the juvenile in *Price*. Fortin simply could not find him. We conclude that the Legislature did not intend to limit the attribution of fault to only those entities specifically identified in the statute. We further conclude that phantom vehicles are entities to which fault may be attributed pursuant to the UIM statute. RCW 48.22.030(2)(8).

In summary, (1) the phantom driver was an entity to which fault could be attributed; (2) as Fortin did not bring an action against the phantom driver, the second factor of RCW 4.22.070(b) is not satisfied; (3) thus, Allstate was only severally liable; (4) consequently, Allstate's policy limits were not "applicable" liability insurance under RCW 48.22.030(1); and, therefore, (5) State Farm was not entitled to offset Allstate's coverage against the $10,000 State Farm owed Fortin. The superior court erred in enter-

ing judgment in favor of State Farm and in rejecting Fortin's proposed form of judgment.

## III
## ATTORNEY'S FEES

Fortin seeks an award of reasonable attorney's fees expended at the trial and appellate court level. She contends that State Farm denied her UIM coverage, thereby compelling her to assume the burden of legal action to obtain the full benefit of her insurance contract.

A party may recover reasonable attorney's fees on appeal if authorized by applicable law. RAP 18.1(a);[5] *Allison v. Housing Auth.*, 118 Wn.2d 79, 98, 821 P.2d 34 (1991). The law provides for reasonable attorney's fees in cases in which an insurer unsuccessfully denies coverage. *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 52–53, 811 P.2d 673 (1991); *Estate of Jordan v. Hartford Accident & Indem. Co.*, 120 Wn.2d 490, 508, 844 P.2d 403 (1993).

■■ Fortin is not entitled to recover reasonable attorney's fees expended in prosecuting her claim against State Farm because State Farm did not deny that its policy provided coverage; rather, it denied her claim. *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280, 876 P.2d 896 (1994). In other words, State Farm did not deny that it had a contractual duty to pay if Fortin's damages exceeded the limits of Smith's liability insurance. *See Mailloux*, 76 Wn. App. at 517. It simply denied that Fortin's damages exceeded the limits of Allstate's policy; it denied "the UIM claim, but not UIM coverage." *Mailloux*, 76 Wn. App. at 518. Thus, *Olympic S.S.* does not authorize reasonable attorney's fees.

We reverse and remand for entry of judgment in accordance with this decision.

---

[5] RAP 18.1(a) provides: "**Generally.** If applicable law grants to a party the right to recover reasonable attorney fees or expenses on review, the party must request the fees or expenses as provided in this rule, unless a statute specifies that the request is to be directed to the trial court."

Morgan and Bridgewater, JJ., concur.