164 P.3d 514 (2007)
MBNA AMERICA BANK, N.A., Respondent,
v.
Robert E. MILES, Appellant.
No. 24867-4-III.
Court of Appeals of Washington, Division 3.
June 14, 2007.
Publication Ordered August 9, 2007.
Robert E. Miles, Richland, WA, Appearing Pro Se.
Patrick James Layman, Krista L. White, Bishop White & Marshall PS, Seattle, WA, for Respondents.
SWEENEY, C.J.
¶ 1 A motion to vacate an arbitration award must be filed within 90 days after the moving party receives notice of the award. Former RCW 7.04.180 (1943). Here, Robert E. Miles filed a motion to vacate an arbitration award in state court over a year after receiving notice. The trial court correctly *515 confirmed the arbitration award and denied a new trial. We affirm that decision.

FACTS
¶ 2 Robert E. Miles opened a credit card account with MBNA America Bank. The original credit card agreement did not contain a clause requiring arbitration between the parties in case of a dispute. It did contain an amendment clause. This allowed MBNA to amend the agreement if state and federal notification requirements were met.
¶ 3 MBNA notified all cardholders, including Mr. Miles, of a proposed change to the credit card agreement. The change would require all cardholders to participate in arbitration in the event of a dispute with MBNA. All cardholders had the opportunity to opt-out of this if MBNA received written notification by January 25, 2000. Mr. Miles never sent a request to opt-out of arbitration in the event of a dispute. The arbitration clause then became effective.
¶ 4 A dispute arose between MBNA and Mr. Miles. MBNA filed an arbitration action. Mr. Miles objected to arbitration. The arbitrator issued an award to MBNA for $54,443.41 for the delinquent credit card account. MBNA then filed a motion to confirm the award with the superior court.
¶ 5 Mr. Miles filed an action in federal court. He asked the federal court for relief from the arbitration award. Mr. Miles obtained an order staying the superior court action. The federal court later dismissed the action for lack of jurisdiction.
¶ 6 Mr. Miles then filed a motion in state court to vacate the arbitration award. This was over a year after the arbitration award. The trial court confirmed the arbitration award to MBNA for $61,587.80 ($54,443.41 plus interest and filing fee costs).
¶ 7 Mr. Miles moved for a new trial. The court denied his motion.

DISCUSSION

ARBITRATION AWARD
¶ 8 Mr. Miles contends that the arbitration award was procured by corruption, fraud, or undo means. He argues that a valid arbitration agreement never existed between the parties. And as such, the arbitration award was improper.
¶ 9 MBNA responds that the trial court correctly confirmed the arbitration award and added interest charges. An arbitration agreement did indeed exist. There is no record of Mr. Miles's written request to refuse arbitration by January 25, 2000, as required. MBNA also asserts that the challenge to the arbitration award is barred under a statute of limitations.
¶ 10 In Washington, arbitration is a "statutorily recognized special proceeding." Price v. Farmers Ins. Co. of Wash., 133 Wash.2d 490, 496, 946 P.2d 388 (1997). And "[t]he rights of the parties are controlled by the statute." Id.; Martin v. Hydraulic Fishing Supply, Inc., 66 Wash.App. 370, 372, 832 P.2d 118 (1992).
¶ 11 Therefore, any action contesting an arbitration award must be brought within the three-month period set forth in former RCW 7.04.180.[1]Dougherty v. Nationwide Ins. Co., 58 Wash.App. 843, 848, 795 P.2d 166 (1990). The three-month period established by former RCW 7.04.180 is considered a statute of limitations. Id. Its purpose "is to expedite finality of the arbitration process . . . consistent with the overall objective of speedy resolution of disputes." Id. at 849, 795 P.2d 166.
¶ 12 The arbitration award was dated June 18, 2004. Clerk's Papers (CP) at 39. Mr. Miles did not file his motion to vacate the arbitration award under the 90-day statutorily required period. Former RCW 7.04.180; Dougherty, 58 Wash.App. at 848, 795 P.2d 166. Instead, it was over a year later. CP at 39, 71. This issue is time barred and not preserved for appeal. Former *516 RCW 7.04.180; Dougherty, 58 Wash. App. at 848, 795 P.2d 166. The statute of limitations has expired. There is, then, no reason for this court to grant a new trial. Former RCW 7.04.180; Dougherty, 58 Wash. App. at 848, 795 P.2d 166.
FAIR DEBT COLLECTION PRACTICES ACT AND FAIR CREDIT BILLING ACT
¶ 13 Mr. Miles contends that MBNA did not comply with the Fair Debt Collection Practices Act (15 U.S.C. § 1692) and Fair Credit Billing Act (15 U.S.C. § 1666). He argues it submitted the dispute to arbitration and sent debt collection letters without meaningful review of the disagreement. MBNA responds that Mr. Miles brings up these issues for the first time on appeal. They should not be considered.
¶ 14 We do not consider issues for the first time on appeal. RAP 2.5(a); State v. McFarland, 127 Wash.2d 322, 332-33, 899 P.2d 1251 (1995). However, exceptions to this rule are "(1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right." RAP 2.5(a); McFarland, 127 Wash.2d at 332-33, 899 P.2d 1251. Whether the Fair Debt Collections Practices Act and Fair Credit Billing Act are presumably followed does not fall under the exceptions. RAP 2.5(a); see McFarland, 127 Wash.2d at 332-33, 899 P.2d 1251.
ATTORNEYS FEES
¶ 15 Both parties request attorney fees. Mr. Miles is acting pro se. Nevertheless, he requests attorney fees equal to that which he would have been charged if he had used an attorney. MBNA responds that under RAP Title 14, RAP 18.1, RCW 7.04A.250, and the express terms of the credit card agreement, MBNA is entitled to attorney fees.
¶ 16 The credit card agreement provides for an award of attorney fees in a collection of debts if MBNA refers the account to an attorney who is not a salaried employee. CP at 196. That occurred here. Under RCW 7.04A.250(3)[2] and the express terms of the credit card agreement, MBNA is entitled to attorney fees on appeal.
¶ 17 We affirm the trial court decision and award attorney fees and costs to MBNA on appeal.
WE CONCUR: BROWN, and KULIK, JJ.
NOTES
[1] The motion to vacate should have occurred in 2004. Former RCW 7.04.180 was in effect at that time. Effective July 1, 2006, former RCW 7.04.180 was repealed and replaced with RCW 7.04A.230(2). LAWS OF 2005, ch. 433, § 23. Both statutes state that a motion to vacate an arbitration award should be filed within 90 days after receiving notice of the award for arbitration.
[2] Under RCW 7.04A.250(3), "[o]n application of a prevailing party to a contested judicial proceeding under RCW 7.04A.220 [confirmation of an arbitration award] . . . the court may add to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award, attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made."